No. 29,386.

CHARLOTTE CONWAY, *Appellee,* v. A. D. CONWAY, *Appellant.*

(288 Pac. 566.)

Opinion filed June 7, 1930.

*Carr W. Taylor, Harry H. Dunn, F. Dumont Smith* and *Eustace Smith,* all of Hutchinson, for the appellant.

*A. C. Malloy, Roy C. Davis* and *Warren H. White,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The appeal is from an order of the district court denying a motion to modify a judgment for alimony.

The plaintiff, Charlotte Conway, was granted a divorce from her husband, A. D. Conway. The parties had entered into contracts relating to property matters which were carried into the judgment. The following provisions of the judgment are those which are now material:

"That the real estate now occupied as the residence of the plaintiff, to wit

[description of city lots], shall remain the property of the defendant, with the right of the plaintiff to continue in the possession of same, and to use same as her residence. Defendant shall keep the taxes paid on said real property, and shall pay the insurance premiums and interest on the mortgage against the same, and shall keep said mortgage· or another mortgage in no larger amount in force and effect, or discharge the same if he desires; but defendant shall not have the right to sell or further encumber said real property, so long as plaintiff uses same as her residence. In event plaintiff desires to reside elsewhere than in said residence, defendant shall pay to the clerk of the district court for the plaintiff on the 10th of each month, the sum of $45, which sum shall be in addition to the $200 monthly payments here-inafter specified; and in such event, the defendant shall be free to dispose of, rent, or otherwise handle said real estate as the defendant may desire, free and clear of any interest or claims of the plaintiff whatsoever. . . .

"The defendant shall pay into the office of the clerk of the district court the sum of $200 per month on or before the 10th day of each month, as alimony to and for the plaintiff, and not as support money for the children of the plaintiff. In event either of the death or remarriage of the plaintiff, any and all payments commencing with the date of said occurrence shall thereupon cease and terminate; . . .

"The district court of Reno county, Kansas, shall retain jurisdiction of this cause, for the purpose of controlling and changing, in the court's discretion, the amount or amounts of alimony to be paid in the future; and said matter may be reopened and reconsidered at any time upon application of either party; . . ."

The judgment was rendered on September 5, 1928. Neither party appealed, and time for appeal expired. Afterwards defendant filed a motion to modify the judgment. One ground of the motion was that the provision for payment of $200 per month was void, and the prayer was that defendant be relieved from complying with that provision. The motion' also prayed that the real estate occupied as a residence by plaintiff be sold, and the proceeds divided. After a hearing, the motion was denied, and in denying it the court said:

"Under the evidence, I believe the award should be reduced to $125 per month, had the court the legal power to do so.

"However, under the law and decisions as outlined. below, the court does not have such power."

Plaintiff moves to dismiss the appeal, and the motion raises the question whether the court had power to reserve in the original judgment jurisdiction to reframe the judgment as mutations of time and circumstance might suggest. The question is one of statutory interpretation.

When an action for divorce and alimony has been commenced, the court may make orders relating to support of wife and children during pendency of the action, and relating to expenses of suit. (R. S. 60-1507.) Such orders are interlocutory only. When a divorce is refused, the court may make orders for custody and maintenance of children, and may make orders relating to property interests of the parties, including control, division and disposition. (R. S. 60-1506.) An action may also be commenced for alimony alone, based on conduct for which a divorce might be granted. (R. S. 60-1516.) We have no present concern with these regulations except as they disclose legislative purpose to cover in detail and with precision the entire subject of what the court may do when the matrimonial bark is foundering.

When a divorce is granted, the marital status is dissolved. We have no such thing as divorce *a mensa et thoro*, conditional divorce, suspension of marital relation, and the like. Divorce ends marital relation, and the judgment is final and conclusive. (R. S. 60-1512.) The judgment is self-executing, and because of its absolute character, the regulation relating to remarriage after divorce is a regulation applying to divorced persons, and not to persons still having some sort of relation to each other as husband and wife.

When the marriage is dissolved, the court winds up its affairs, as the court would do on dissolution of any other associate venture. The affairs to be dealt with are two, and only two—children and property interests; and the court makes provision for custody, support and education of children of the marriage (R. S. 60-1510), and settles the property affairs of the former spouses (R. S. 60-1511).

The power vested in district courts to grant divorce, which includes power to dispose of sequelæ of divorce—custody and maintenance of children, and property matters, is "subject to regulation by law" (Const. art. 2, § 18). In the opinion in the case of *Durland v. Durland*, 67 Kan. 734, 74 Pac. 274, the court said:

"The word 'regulation' is of broad signification, and in the absence of restrictive words the power granted must be regarded as plenary over the entire subject. The causes for which a divorce may be granted may be prescribed, and none other will suffice. Rules of procedure to be followed by the courts in granting relief for the causes named may be established, and no other course may be pursued." (p. 736.)

In framing the existing law, the legislature had distinctly in mind and expressly dealt with the subject of continuing jurisdiction. The regulation relating to settlement of property interests follows im-

mediately after the regulation relating to custody and maintenance of children. Continuing jurisdiction to change any order relating to custody, support and education of children was granted. No such power was granted with respect to settlement of property interests, and the omission is tantamount to express denial. The judgment for alimony is a final determination of the rights of the parties in respect to alimony. A court cannot give itself power by its own order to make future revisions of the merits of the judgment, and, of course, the parties to the action cannot confer such jurisdiction by agreement.

As a result of divorce, the parties become single persons having no claims against each other, except such as are created by the judgment, and the statute is specific with reference to the nature of a money judgment for alimony—"by decreeing to her such sum of money, payable either in gross or in installments, as the court may deem just and equitable." (R. S. 60-1511.) The sum may be large or small. The court may prescribe that the fixed sum shall be paid in gross, or be paid in divided portions at different times, but the sum is not variable. It may not be increased or diminished at some indefinite future time, as fortune may smile or frown upon those who tread their dissevered ways.

The foregoing merely elaborates what the court said in the opinion in the case of *Noonan v. Noonan,* 127 Kan. 287, 273 Pac. 409. In that case the district court awarded plaintiff custody of minor children, and made an allowance to plaintiff of $25 per month "as support and for education of her children . . . until further order of this court." One of the children died, the other attained majority, and after complying with the judgment for fourteen years, defendant moved that he be relieved from further payments. Plaintiff moved for an increased allowance to her on account of her necessitous condition. The district court held the allowance had two purposes, support of plaintiff and support and education of children, and denied both motions. This court held the allowance could not be regarded as alimony to plaintiff for her own support, for two reasons: The total sum was not definitely fixed, as the statute required, and the district court assumed to retain jurisdiction—something which it had no power to do. The two provisions, $25 per month payable monthly without express limitation as to time, and retention of jurisdiction, were appropriate to a judgment for support and education of children. Therefore, this court interpreted

the allowance as one which the district court had power to make. The purpose of the allowance, so considered, having been fulfilled, defendant was entitled to discharge from obligation to pay.

In the opinion in the case of *Hipple v. Hipple*, 128 Kan. 406, 278 Pac. 33, appears the following statement:

"The court had jurisdiction to modify the award of alimony." (p. 410.)

This court had nothing before it to which the statement could apply except an order reducing an allowance to plaintiff for support of minor children committed to her custody.

Applying what has been said to the facts of the present case, the allowance of $200 per month payable to plaintiff until her death or remarriage, was without any legal effect. It was not voidable, to be corrected by appeal. It was void for lack of power of the court to make it, and could be stricken from the judgment on motion at any time.

The real estate awarded to plaintiff as a residence was acquired by defendant after the marriage. The court was authorized to make such division between the parties of interest in the real estate as seemed to be just and reasonable. (R. S. 60-1511.) The division of interest which the court did make was this: Plaintiff may use and occupy the premises for residence purposes as long as she desires; subject to plaintiff's interest, defendant shall be owner in fee, with the obligations of owner respecting payment of taxes and insurance premiums and protection against lien; on abandonment of the premises by plaintiff, defendant's ownership shall become absolute. Whether this division of interest was just and reasonable could be tested only by appeal.

At the time the motion to modify was denied, plaintiff was residing on the real estate. The question whether the allowance to her, to be added to the money judgment in case she chooses to reside elsewhere, is valid, is not before the court for determination, and may never arise.

The district court had no power to reserve jurisdiction to modify either the money portion of the judgment or the portion relating to the real estate.

The order denying the motion to modify the original judgment is affirmed so far as it related to the real estate. The order is reversed so far as it related to the money judgment, and the cause is remanded with direction to strike from the original judgment the allowance to plaintiff of $200 per month.