No. 32,722

HELEN G. HYDE, *Appellant*, v. ALEX HYDE, *Appellee*.

(56 P. 2d 437)

Opinion filed April 11, 1936.

*D. W. Eaton,* of Wichita, for the appellant.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith, C. H. Morris* and *John F. Eberhardt,* all of Wichita, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from an order and judgment of the district court of July 10, 1935, in which the court interpreted the judgment and decree of the court of May 3, 1933, in the same cause. The action is for the specific performance of a contract between the parties. It appears from the record that in February, 1930, the

parties hereto, being husband and wife, finding it impossible to maintain their marital status and that a divorce was necessary, entered into an agreement in writing respecting their property rights, alimony, and the custody and support of their minor child. Soon thereafter the wife brought an action for divorce, in which action the plaintiff was granted a divorce, and the court found that the agreement which had been entered into between the parties should be and the same was approved by the court. The decree in the action provided in substance that each party should own, hold and control separately the property belonging to and in the name of each of them respectively, "except as the parties may enforce said contract entered into between them."

Thereafter and in August, 1932, plaintiff brought this action, alleging certain respects in which defendant had failed to comply with their agreement made in February, 1930, and approved in the divorce action, and prayed that he be required to do so. Defendant filed an answer to plaintiff's petition. One or more stipulations were filed, modifying in some respects the original agreement sought to be enforced. Eventually and on May 3, 1933, the court entered its judgment and decree, which, so far as is here material, recites:

"Thereupon it is stated to the court by both parties, and the court finds that the parties hereto have agreed upon a compromise, settlement and adjustment of all issues herein raised by the pleadings and all matters in controversy between the parties, which compromise, adjustment and settlement is submitted to the court, and the court, by and with the consent and approval of both parties hereto, doth order, adjudge and decree as follows:

"That the plaintiff herein, Helen G. Hyde, shall have the custody, care and control of the minor child of the parties, namely Sarah Grace Hyde, during the school period of each year and all other times except such periods in the months of June, July and August in each year when the defendant, Alex Hyde, shall desire such custody and care.

"It is further ordered that said child shall be permitted to visit the defendant, Alex Hyde, at any time when such visit can be made without interference with the schooling and education of said child; and it is further ordered that the plaintiff, Helen G. Hyde, shall not, in any way, prevent Alex Hyde from seeing and visiting said child in accordance with this decree.

"It is further by the court ordered and decreed that neither of the parties hereto shall at any time do or say anything calculated to influence said child against the other party hereto, and that except when and as the same shall be necessary to carry out this decree, neither of the parties hereto shall discuss with said child the terms of this decree or the terms of the settlement and compromise made by the parties. . . .

"For the care and maintenance of the child of the parties, namely, Sarah Grace Hyde, the defendant, Alex Hyde, shall pay to the plaintiff, Helen G.

Hyde, thirty-six hundred ($3,600) dollars per annum, divided into monthly payments of three hundred ($300) dollars each; such payments may be made by the said defendant, Alex Hyde, by depositing the same to the credit of the plaintiff, Helen G. Hyde, in the First National Bank in Wichita, Wichita, Kansas, at any time on or before the 5th day of each calendar month; such payments for the care, custody and maintenance of said child shall continue so long as said child shall remain dependent and this court hereby retains full jurisdiction upon the application of either party to, if in the judgment of this court that should be done, determine whether or not, at the time of such application, such child is still dependent and whether or not the circumstances or situation of the parties to this action justify the amendment or alteration of the terms of this decree with reference to the care and maintenance of said child or the amount to be paid by the defendant therefor. . . .

"It is further ordered by the court that the defendant, Alex Hyde, shall, in addition to the other terms and provision hereof, and to the extent of his ability, pay all of the actual expenses, including fees of doctors, nurses and hospitals made necessary by the illness of, or accident to Sarah Grace Hyde.

"It is further by the court ordered and adjudged that the defendant, Alex Hyde, shall also pay the tuition and schooling expense of the said child, Sarah Grace Hyde; and it is ordered that said child shall not be permitted to attend any school, college or institution which is not approved by both of her parents, the parties to this action. . . . "

Defendant was ordered, adjudged and decreed to pay plaintiff the sum of fifteen thousand dollars ($15,000) within a time stated, and this was done. There were provisions in the decree for plaintiff's use of the home to June 1, 1933, for defendant to pay certain club dues, for the division of household goods, etc., with which we are not concerned on this appeal.

About July 1, 1935, defendant filed in the cause a "motion to modify order," which reads:

"Comes now the defendant, Alex Hyde, and moves the court for an order modifying all orders heretofore entered with reference to the support money to be paid to the plaintiff for the benefit of the minor child of the parties, and for cause thereof alleges:

"First: That as to the claimed support money for the period of September, 1933, the plaintiff did not maintain and support the minor child for a period of twenty-one (21) days and that the child was supported exclusively by this defendant, at his own expense, and that for that reason he should not be compelled or required to pay the sum of two hundred ($200) dollars for the first twenty-one days of September, 1933.

"Second: That during the months of June, July and August, 1934, the defendant had the custody and was charged solely with the support and maintenance of the minor child for said period, and that the plaintiff expended no money during said period for the support, education or maintenance of said minor child, and by reason thereof, the plaintiff is not entitled to receive any support money for said minor child during said period.

"Third: That starting in September, 1934, said minor child enrolled and became a student in a school in Kansas City and that this defendant had been charged with, and has paid, and is responsible for all bills necessary in the care, support, education and maintenance of said minor child, and that by reason thereof the plaintiff is not entitled to have, or receive any money for the support of said child during the school period.

"Fourth: That as pertains to the vacation period of 1935, defendant alleges that the sum of three hundred ($300) dollars monthly for the support, education and maintenance of the minor child is unnecessary and unreasonable in amount, and that for the period of time the plaintiff will have the care, custody and control of said minor child, that a fair and reasonable amount should be fixed corresponding to the actual amount of money required to be expended on said minor child.

"WHEREFORE, defendant prays for a modification of all previous orders in said cause, in conformity with the above."

Upon the hearing of this motion July 10, 1935, defendant testified that Sarah Grace Hyde is now sixteen years old; that during the first twenty days of September, 1933, she was with him, and for that month he paid to the bank for plaintiff $100 instead of $300; that during the summer of 1934 the daughter was with him the entire summer; that for the school year of 1934 and 1935 the daughter was in a school at Kansas City, and that he paid tuition and everything connected with her school expense and sent her some expense money extra; that the daughter was with defendant at the time of the hearing, and it was the understanding that she would be with him until August 15; that he had paid nothing under the judgment and decree of the court of May 3, 1933, since June 1, 1934. He objected to questions touching his ability to make such payments, or as to his income, which objections were sustained. Plaintiff's testimony was to the effect that in the early part of September, 1933, an apartment she had rented was being remodeled; that the daughter was with her a few days, then was with defendant until they moved into the apartment on the 16th; that during the summer of 1934 the daughter was not with her; that part of the time she was with defendant and part of the time in Colorado; that when the daughter was in school at Kansas City and plaintiff had an apartment there the daughter wanted to stay with her as much as she could—she could be there Wednesday nights and weekends and her friends could come; that they came to Wichita about June 7, 1935, since which time the daughter had been staying with the defendant; that she had maintained for the daughter the only home she could in view of the fact that payments had not been made by defendant

since June 1, 1934; that she planned to maintain a more suitable home for the daughter if the payments were made.

The court, having heard the evidence and the argument of counsel, found:

". . . that the motion should be sustained as to the first, second and third grounds thereof, and also sustained as to the fourth ground for the period of time which has expired at the time of the hearing.

"The court further finds and announces that the order made is not a modification of the order contained in the judgment of May 3, 1933, but is an interpretation of that order relating to support money for the minor child of the parties to this effect:

"That during the time the defendant has the custody of and supports the said minor child, Sarah Grace Hyde, that the plaintiff, Helen G. Hyde, shall not be entitled to receive the $300 per month support money, but that for any month or portion thereof that said minor child, Sarah Grace Hyde, shall be in the custody of the plaintiff, Helen G. Hyde, the defendant shall be obliged to pay on the basis of $300 monthly. . . ."

Plaintiff appeals and contends that the court erroneously interpreted the judgment of May 3, 1933. We agree with that contention. The judgment and decree of the court entered on May 3, 1933, was made in accord with the stipulation of the parties. Indeed, in addition to being approved by the attorneys of the respective parties it was specifically consented to in writing by the parties themselves. It superseded all previous contracts between the parties relative to these matters. This indicates that what was finally done was the result of much previous discussion and consideration. All details of property settlement, the custody of their daughter, provisions for her maintenance, her education and care in the event of sickness or accident, were agreed upon and embodied in the court's decree. It is apparent, also, the parties desired life to go on for their daughter and that she should have opportunities for development as nearly as possible as though her parents had had no controversy concerning the matter, for it is embodied in the agreement and decree, "neither of the parties hereto shall discuss with said child the terms of this decree or the terms of the settlement and compromise made by the parties." Having considered all those matters the court concluded that plaintiff should have $3,600 per year, payable $300 a month, for the general care and maintenance of the daughter. To many people these figures would seem large, but we are told that the financial and social standing of these parties was such that the amount was deemed fair and reasonable. The fact that the parties agreed upon the amount, and that the same was

approved by the court and embodied in its decree, establishes the fact, for this hearing at least, that these figures were not out of the way; and there is no contention now that defendant's financial ability or his income is such as to make the payment an undue hardship upon him. Indeed, in the hearing from which this appeal is taken he successfully objected to an inquiry into those matters. The decree provided that the defendant should have the custody and care of their daughter for such periods in the months of June, July and August as he desired, but there is an absence of any provision in the decree that the payments to his wife for the maintenance of the daughter should be decreased for any of such period of time as defendant had the custody of their child. The parties also recognized that these payments would not care for expenses which might arise from illness of or accident to their daughter, and it was provided that defendant should pay all actual expenses made necessary by such illness or accident to the extent of his ability in addition to the $3,600 per year. The parties also took into consideration that there would be tuition and schooling expenses for the child which could not be met with the $3,600 a year, and the agreement and decree of the court was that defendant should also pay those.

The expenses up to the time of the hearing of the motion of which the defendant sought to be relieved may readily fall into two classes: A part of the time of each of three summers when the child, at defendant's request, was with him. As to these the decree of May 3, 1933, made no provision for reduction of payments in the summer time by reason of the fact that the child might be with defendant at his request. The rest of the time of which defendant seeks to be relieved from payments is the school year of 1934 and 1935 when the daughter was in the school at Kansas City. His grounds for not paying the $300 a month during that period are based upon the showing that he paid the tuition and school expenses of the child during that school year; but the agreement of the parties and the decree of the court of May 3, 1933, provided that tuition and schooling expenses of the child should be paid in addition to the $3,600 per year. It is clear the court misinterpreted that decree when in its order and judgment of July 10, 1935, it relieved defendant of those payments.

Appellee rightly contends that a sum decreed to be paid to a mother for the support of a child whose custody is awarded to the mother is a distinct thing from alimony awarded to a wife in a

divorce action. From this it does not follow, however, that the sum adjudged to be paid for the maintenance of a child is necessarily limited to cash outlay for bare necessities. In many instances it means the home should be maintained on an entirely different scale than as though the mother were living alone. Apparently such is the purpose in this case. Here was a daughter fourteen years of age at the time the decree in question was entered, of well-to-do parents, no doubt having friends among the same class of people. It costs money to purchase or rent, furnish and maintain a home such as both of the parties apparently wanted this daughter to have. The fact that she was absent and with her father a few days or a few weeks in the summer might not decrease to any great extent the yearly expense of furnishing and maintaining such a home. Perhaps realizing that, the parties made no provision in their agreement and the court made none in its decree for any reduction of payments by reason thereof. The parties also looked forward to the time when they might want their daughter to attend a private school, or a special school of some character. The parties realized that the sum to be paid for the maintenance of the child would not pay the expense of such a school, so they agreed and the court decreed, that defendant "shall also pay the tuition and schooling expense." of the child. The parties evidently contemplated that even though the daughter were in school a home for her should be maintained by the mother where she could spend as much time as possible and where she could bring her friends. It is an inaccurate interpretation of the decree to say that the amount, $3,600, to be paid at $300 per month, was to be reduced by any of those matters.

Defendant's motion included a request for the court to modify the decree. The court declined to modify the decree, and specifically so stated in its ruling upon the motion. The result is that the decree of May 3, 1933, has not been modified.

Appellee suggests as one of the points to be determined on this appeal the question: "Has the court power to modify a support money decree as to past-due installments?" and the ancillary question: "If so, did the court abuse its discretion in this case?" Really, we do not have either of these questions before us for the reason that the court did not modify its former decree. Indeed, there was no evidence before the court which would justify it in modifying its former decree. The only evidence presented went to

the fact that defendant had not made the payments provided for in the decree, and under an interpretation of the decree which he succeeded in having the court make he was under no duty to make the payments. The result is that the court did not modify the former decree because there was no evidence on which to base such a modification. Appellee's argument on this point largely centers around our statutes and decisions concerning the power of the court to modify its decree in a divorce case as to the amount that should be paid for the maintenance of a child with respect to past-due payments. No decision of this court is cited holding that in such a case a court can relieve the party from past-due payments. We need not analyze this argument closely for two reasons: (1) The court, by its order of July 10, 1935, did not modify the decree of May 3, 1933, and (2) the decree of May 3, 1933, was not rendered in a divorce action; it was rendered in an action for the specific performance of a contract. The decree did contain a provision for its modification as follows:

". . . such payments ($3,600 per annum, etc.) for the care, custody and maintenance of said child shall continue so long as said child shall remain dependent and this court hereby retains full jurisdiction upon the application of either party to, if in the judgment of this court that should be done, determine whether or not, at the time of such application (not at some time prior to such application), such child is still dependent and whether or not the circumstances or situation of the parties to this action justify the amendment or alteration of the terms of this decree with reference to the care and maintenance of said child or the amount to be paid by the defendant therefor."

The decree, therefore, provides its own method for its modification. Until it is modified as provided for in the decree it should be enforced.

From what has been said it necessarily follows that the judgment of the court below must be reversed, with a direction to enter an order requiring defendant to pay all past-due payments provided for in the decree of May 3, 1933, and to make payments hereafter in accordance with that decree, unless and until that decree is modified as provided for therein. It is so ordered.