No. 33,661

HELEN G. HYDE, *Appellee*, v. ALEX HYDE, *Appellant*.

(75 P. 2d 1023)

Opinion filed January 29, 1938.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith, C. H. Morris* and *John F. Eberhardt,* all of Wichita, for the appellant.

*D. W. Eaton* and *Glenn Porter,* both of Wichita, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This appeal is from an order overruling and denying an application of the defendant, in a specific-performance action, to modify a decree rendered in that action on May 3, 1933, which was signed as a contract by both plaintiff and defendant, and contained a provision authorizing the modification thereof under certain circumstances. The application was filed May 12, 1937, and was denied June 23, 1937.

The action for specific performance was commenced February 12, 1932, to enforce the financial part of a decree of divorce granted on February 19, 1930. The judgment rendered in the specific performance case on May 3, 1933, contained a complete adjustment and settlement of all alimony provisions contained in the decree of divorce and made definite provisions for the care and maintenance of the daughter who was and still is a minor. It was not only a decree of the court, but being signed by both plaintiff and defendant, it became a contract and is referred to in the brief of appellee as a decree-contract. And because it is a contract providing for the future care and maintenance of the daughter and also for the court to retain full jurisdiction of the case with authority, upon the application of either party, to amend or alter the terms of the decree with reference to the care and maintenance of the daughter or the amount to be paid by the defendant therefor under certain circumstances, it is within the power and jurisdiction of the court in this specific-performance case to amend or alter it if in the judgment of the court the circumstances or situation of the parties justifies such amendment or alteration, wholly aside from and independent of the statutory provision authorizing changes and modifications of provisions and requirements for the care and maintenance of minor children in divorce actions (G. S. 1935, 60-1510).

An earlier motion was filed in this specific-performance action to modify the decree of May 3, 1933, but there was one feature of difference between that motion and the one now and here under con-

sideration. The former motion asked for the modification of the decree or contract as to items of maintenance that were nearly all past due and unpaid, while the motion under consideration in this appeal concerns maintenance items that were not due at the time the motion was filed.

Another feature of difference in the final rulings in the district court on the two motions is that in the former the trial court regarded the ruling made as an interpretation of the decree, while in this case the denial by the trial court was of the motion or application to modify the decree.

The grounds of both motions are the same in effect except that they concern different dates. The former motion concerned the summer months, June, July and August of 1934 and 1935, while the daughter was with the defendant, her father, and her maintenance was entirely paid for by him, and the school year from September to May, inclusive, when she was attending school in Kansas City, wholly at the expense of her father. The motion in this appeal concerns the summer months of June, July and August of 1937, while the daughter was, by the terms of the contract, to be with her father, and also the school year of 1937-1938 when she was to attend, by agreement, Stanford University in California at the expense of her father.

There was no claim on the part of the defendant either that the daughter was not still dependent or that the defendant was not financially able to meet this expense. Appellee claims these are the only possible changes under the terms of the contract which would justify a modification thereof. We think there could be several others, but mention only one—the physical illness or complete disability of the plaintiff which would render her incapable of maintaining a home for the daughter or caring for her.

The contention of the defendant is that the absence of the daughter from the home of the plaintiff during the three summer months and the ensuing school year is such a change of circumstances and situation as to justify a modification of the terms of the decree or contract with reference to the care and maintenance of the daughter and the amount to be paid for such care and maintenance under the terms of the contract and decree. There was no testimony introduced on the hearing of this last motion, but from the abstract, briefs and arguments we understand that evidence as to the expense of maintaining the home by the plaintiff, which was introduced on

the hearing of one of the former motions, was considered on the hearing of this motion.

The portions of the contract and decree, dated May 3, 1933, necessary for consideration in connection with the motion to modify it for the year above mentioned, namely, the summer of 1937 and the school year following, are as follows:

"That the plaintiff herein, Helen G. Hyde, shall have the custody, care and control of the minor child of the parties, namely Sarah Grace Hyde, during the school period of each year, and at all other times except such periods in the months of June, July and August in each year when the defendant, Alex Hyde, shall desire such custody and care. . . .

"For the care and maintenance of the child of the parties, namely, Sarah Grace Hyde, the defendant, Alex Hyde, shall pay to the plaintiff, Helen G. Hyde, thirty-six hundred dollars ($3,600) per annum, divided into monthly payments of three hundred dollars ($300) each; such payments may be made by the said defendant, Alex Hyde, by depositing the same to the credit of the plaintiff, Helen G. Hyde, in the First National Bank in Wichita, Kan., at any time on or before the 5th day of each calendar month; such payments for the care, custody and maintenance of said child shall continue so long as said child shall remain dependent, and this court hereby retains full jurisdiction upon the application of either party to, if in the judgment of this court that should be done, determine whether or not, at the time of such application, such child is still dependent and whether or not the circumstances or situation of the parties to this action justify the amendment or alteration of the terms of this decree with reference to the care and maintenance of said child or the amount to be paid by the defendant therefor. . . .

"It is further by the court ordered and adjudged that the defendant, Alex Hyde, shall also pay the tuition and schooling expense of the said child, Sarah Grace Hyde; and it is ordered that said child shall not be permitted to attend any school, college or institution which is not approved by both of her parents, the parties to this action."

The ruling of the trial court on the former motion to modify as above stated, resulted in an interpretation of the contract, and an appeal was taken to this court where it was held that the interpretation made was erroneous and the decree was held not to have been modified. (*Hyde v. Hyde*, 143 Kan. 660, 56 P. 2d 437.)

Inasmuch as the contention and the circumstances are the same under both motions, except in the two particulars above mentioned and described, the opinion in the former review (*Hyde v. Hyde*, supra) will be pertinent and substantially controlling in the review of the ruling on the last motion. On page 666 of that opinion it was said:

"Here was a daughter fourteen years of age at the time the decree in question was entered, of well-to-do parents, no doubt having friends among the

same class of people. It costs money to purchase or rent, furnish and maintain a home such as both of the parties apparently wanted this daughter to have. The fact that she was absent and with her father a few days or a few weeks in the summer might not decrease to any great extent the yearly expense of furnishing and maintaining such a home. Perhaps realizing that, the parties made no provision in their agreement, and the court made none in its decree, for any reduction of payments by reason thereof. The parties also looked forward to the time when they might want their daughter to attend a private school, or a special school of some character. The parties realized that the sum to be paid for the maintenance of the child would not pay the expense of such a school, so they agreed and the court decreed, that defendant 'shall also pay the tuition and schooling expense' of the child. The parties evidently contemplated that even though the daughter were in school a home for her should be maintained by the mother where she could spend as much time as possible and where she could bring her friends. It is an inaccurate interpretation of the decree to say that the amount, $3,600, to be paid, at $300 per month, was to be reduced by any of those matters."

While the conclusion and decision in the former case was that the interpretation was erroneous, it is a necessary and positive conclusion from the language used in the opinion that the absence of the daughter from the home during the summer and while at school was not, in the minds of the parties when making the contract or of the court when entering it as a decree, considered such a change in the circumstances or situation of the parties as to justify a modification of the contract and decree. The district court in the journal entry ruling on this motion to modify the contract and decree, after discussing the question involved both pro and con, decided to overrule and deny the motion. We think this absence from home was not such a change as to justify a modification of the contract or decree.

The case of *Davis v. Davis*, 145 Kan. 282, 65 P. 2d 562, is cited and discussed, but we think it is not applicable to the question here involved where the divorce feature is eliminated from the case.

The judgment is affirmed.