No. 34,200

HELEN G. HYDE, *Appellee,* v. ALEX HYDE, *Appellant.*

(88 P. 2d 1035)

Opinion filed April 8, 1939.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith, C. H. Morris* and *John F. Eberhardt,* all of Wichita, for the appellant.

*Dudley W. Eaton, Glenn Porter, Getto McDonald, Dwight S. Wallace* and *William Tinker,* all of Wichita, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to enforce the provisions of a contract entered into at the time plaintiff and defendant were divorced. This particular proceeding arises out of a motion of defendant to modify the decree that was entered in that action. The trial court denied defendant any relief. He appeals.

The original decree covered many details as to the provisions which defendant was to make for his wife, the defendant in the divorce action. Besides these, there was a provision for payments to be made to the plaintiff for the support of their daughter. It is this provision with which we are concerned at this time. That clause of the decree is as follows:

"For the care and maintenance of the child of the parties, namely, Sarah Grace Hyde, the defendant, Alex Hyde, shall pay to the plaintiff, Helen G. Hyde, thirty-six hundred dollars ($3,600) per annum, divided into monthly payments of three hundred dollars ($300) each; such payments may be made by the said defendant, Alex Hyde, by depositing the same to the credit of the plaintiff, Helen G. Hyde, in the First National Bank in Wichita, Wichita, Kan., at any time on or before the fifth day of each calendar month; such payments for the care, custody and maintenance of said child shall continue so long as said child shall remain dependent, and this court hereby retains full jurisdiction upon the application of either party to, if in the judgment of this court that should be done, determine whether or not, at the time of such

application, such child is still dependent and whether or not the circumstances or situation of the parties to this action justify the amendment or alteration of the terms of this decree with reference to the care and maintenance of said child or the amount to be paid by the defendant therefor."

At the time of the hearing of this application in the trial court the daughter was attending Leland Stanford University in California during the school year, and spending part of her vacation time with her father in Wichita, and part with her mother.

These parties have been before this court in an appeal from an order denying defendant any relief in a somewhat similar application. (See *Hyde v. Hyde,* 147 Kan. 134, 75 P. 2d 1023.)

The basis of that motion was that since the daughter was away at school during the school year and with her father during the months of June, July and August, this was such a change of circumstances and situation of the parties as to justify a modification of the terms of the decree with reference to the care and maintenance of the daughter and the amount to be paid for this care and maintenance. In considering this contention, this court examined what was said in an appeal from a former order refusing to modify, but interpreting, the decree. (See *Hyde v. Hyde,* 143 Kan. 660, 56 P. 2d 437.) In that action the trial court refused to modify the decree, but did make an order interpreting it to the effect that defendant would not be required to make the payments to plaintiff for the time when the daughter was with him or supported by him. This court held this was error on the theory that what was intended by the decree was that the plaintiff should maintain a home available for the daughter at all times, whether she happened to be in it at all times or not. This court said:

"Appellee rightly contends that a sum decreed to be paid to a mother for the support of a child whose custody is awarded to the mother is a distinct thing from alimony awarded to a wife in a divorce action. From this it does not follow, however, that the sum adjudged to be paid for the maintenance of a child is necessarily limited to cash outlay for bare necessities. In many instances it means the home should be maintained on an entirely different scale than as though the mother were living alone. Apparently such is the purpose in this case. Here was a daughter fourteen years of age at the time the decree in question was entered, of well-to-do parents, no doubt having friends among the same class of people. It costs money to purchase or rent, furnish and maintain a home such as both of the parties apparently wanted this daughter to have. The fact that she was absent and with her father a few days or a few weeks in the summer might not decrease to any great extent the yearly expense of furnishing and maintaining such a home. Perhaps realizing that, the parties made no provision in their agreement and the court

made none in its decree for any reduction of payments by reason thereof. The parties also looked forward to the time when they might want their daughter to attend a private school, or a special school of some character. The parties realized that the sum to be paid for the maintenance of the child would not pay the expense of such a school, so they agreed and the court decreed, that defendant 'shall also pay the tuition and schooling expense' of the child. The parties evidently contemplated that even though the daughter were in school a home for her should be maintained by the mother where she could spend as much time as possible and where she could bring her friends. It is an inaccurate interpretation of the decree to say that the amount $3,600, to be paid at $300 per month, was to be reduced by any of those matters." (p. 665.)

In the consideration of *Hyde v. Hyde,* 147 Kan. 134, 75 P. 2d 1023, this court set out the above language, and said:

"While the conclusion and decision in the former case was that the interpretation was erroneous, it is a necessary and positive conclusion from the language used in the opinion that the absence of the daughter from the home during the summer and while at school was not, in the minds of the parties when making the contract or of the court when entering it as a decree, considered such a change in the circumstances or situation of the parties as to justify a modification of the contract and decree." (p. 138.)

In the present proceeding the defendant asked that the part of the decree already quoted in this opinion be modified for the reason that the daughter was no longer dependent, there having been established for her a trust fund which would take care of her support and maintenance, and for the further reason that there had been a change in the financial circumstances and situation of the defendant within the meaning of the decree.

To support the latter reason the defendant testified at the hearing that at the time the decree was entered defendant had an income of between $25,000 and $30,000 yearly, while at the time of the hearing his total income was $982.50 a month, or less than $12,000 a year; that out of this income he had to pay taxes of about $425, partly in real estate, interest on the mortgage of $280; that he had gone into business with a medicine company which obligated him to pay $500 monthly until $6,000 was paid. There was some further testimony by him as to bad investments he had made. He also testified that he had deposited in trust with the First National Bank in Wichita 250 shares of stock of the Mentholatum Company of a value of approximately $50,000; that this was an irrevocable trust under which the principal and interest were to be devoted to the benefit of his daughter.

After this evidence was introduced the following colloquy occurred between court and counsel:

"The Court: What would you suggest should be the modification? To what amount?

"Mr. Siefkin: I think certainly it should not exceed the amount which she spends upon the child, and there being no showing that she is spending anything whatever for the child, I see no reason why it should not be entirely eliminated. The position he takes, in a few words, is this: He has no objection to spending every dollar that he has to support this child. He does object to supporting an ex-wife. That, in a few words, sums up the entire controversy."

We gather from this statement of counsel that the contention at this hearing was not far different from that urged by defendant in *Hyde v. Hyde,* supra. This court denied defendant any relief in that proceeding. On the appeal here, however, defendant argues that the proof was so ample, convincing and undisputed that there had been a change in the financial condition of defendant that the trial court abused its discretion in refusing to modify the decree.

The parties agreed on the terms of this decree. Wide discretion was given the trial court on the question of whether or not it should be modified on account of a change in the circumstances of the parties. The impelling consideration, no doubt, when the parties agreed to the terms of the decree, was the standard of living of both parties and the standard they wished for their daughter. There is no evidence here that this standard has been lowered for any of the parties. The fact that the payments have become more of a burden for defendant does not constitute such a change in the circumstances or situation as to require the trial court to modify the decree. It was not an abuse of the discretion of the trial court so to hold.

Defendant argues that, since the trust fund was created for the benefit of his daughter, she is no longer dependent. We have examined this trust agreement and have concluded that it does not change the situation at all. It is merely a device set up by defendant to enable him to comply with the decree.

The judgment of the trial court is affirmed.