No. 36,867

ROBERT S. PHILLIPS, JR., *Appellee*, v. ELLA MAE PHILLIPS, *Appellant.*

(186 P. 2d 102)

JAMES H. WENDORFF, judge. Opinion filed November 8, 1947.

*Benjamin F. Endres,* of Leavenworth, was on the briefs for the appellant. *Homer Davis,* of Leavenworth, was on the briefs for the appellee.

The opinion of the court was delivered by

HOCH, J.: The sole question presented by this appeal is whether under the facts presently to be stated, a trial court has jurisdiction subsequent to the decree in a divorce action, to modify an order for support and education of a minor child upon proper showing of changed conditions. Facts material to the issue may be briefly stated.

In October, 1944, the appellee Robert S. Phillips, Jr., filed an action against Ella Mae Phillips, the appellant, for divorce and for an equitable division of the property. The defendant filed an answer and cross petition. While the action was pending, the parties entered into a stipulation in which they agreed that, in the

event the court should grant the defendant a divorce upon her cross petition, the property should be divided in the manner set forth in the stipulation; that the defendant should be awarded $750 as permanent alimony and should also be awarded "the sum of $40 per month to be paid from and after the date of the decree, to the defendant, for the support and maintenance and education" of a minor child then about three months old. The case went to trial on the petition and cross petition, at the conclusion of which, on November 2, 1944, the defendant was granted a decree of absolute divorce from the plaintiff and was given full custody and control of the minor child with right of reasonable visitation on the part of the plaintiff. The court also found, upon evidence, that the terms of the stipulation were fair, just and reasonable, and entered judgment accordingly, awarding alimony and directing the plaintiff to pay $40 per month for support and education of the minor child.

On August 10, 1945, the appellee filed a motion for a reduction of the amount of $40 per month which he had been directed to pay for the support of the minor child, alleging that he had complied with the provisions of the order but that his financial condition had been changed to such an extent that he was no longer able to pay that amount. After a hearing duly held, the amount was reduced from $40 to $25 per month. It is conceded that the appellee paid $40 a month up until the effective date of the order reducing the amount to $25, from which order the instant appeal was taken.

Appellant does not contend that in making the reduction to $25 the court abused its discretion, and nothing in the record discloses any such abuse. She simply contends that the stipulation in which the parties agreed that the defendant should receive $40 a month for the child's support was a contract, and that having been duly approved by the court, the court thereafter had no jurisdiction to modify it.

G. S. 1935, 60-1510, provides:

"When a divorce is granted the court shall make provision for the guardianship, custody, support and education of the minor children of the marriage, *and may modify or change any order in this respect whenever circumstances render such change proper.*" (Italics supplied.)

Appellant takes note of this statute, but argues that when the parties entered into the stipulation including the provision for payment of $40 a month, they in effect "waived" the statute and became bound under the contract. The contention is not good. Even

though the stipulation should be construed as an attempt to "waive" the statute, the parties of course had no power by agreement among themselves or otherwise, to deprive the trial court of the jurisdiction which it has under the statute.

In an unbroken line of cases from *Kendall v. Kendall*, 5 Kan. App. 688, 48 Pac. 940, down to the recent case of *Hayn v. Hayn*, 162 Kan. 189, 175 P. 2d 127, it has been held that the jurisdiction of district courts over the custody and support of minor children in a divorce action is a continuing jurisdiction and that the court may on proper motion and notice modify or change any order previously made providing for such custody and support whenever circumstances are shown which make such modification proper. (*Teegarden v. Teegarden*, 155 Kan. 195, 199, 124 P. 2d 464; *In re Petitt*, 84 Kan. 637, 643, 114 Pac. 1071; *Dague v. Dague*, 126 Kan. 405, 407, 267 Pac. 988; *Conway v. Conway*, 130 Kan. 848, 850, 288 Pac. 566; *Sharp v. Sharp*, 154 Kan. 175, 176, 117 P. 2d 561; *Davis v. Davis*, 145 Kan. 282, 287, 65 P. 2d 562.

Appellant cites *Kroenert v. Mead*, 59 Kan. 665, 54 Pac. 684; *Engels v. Amrine*, 155 Kan. 385, 125 P. 2d 379; *Hudspeth v. McDonald*, 120 F. 2d 962; *Amrine v. Tines*, 131 F. 2d 827; *Parks v. Amrine*, 154 Kan. 168, 117 P. 2d 586; *Cowle v. Cowle*, 114 Kan. 605, 220 Pac. 211; *Hyde v. Hyde*, 143 Kan. 660, 56 P. 2d 437; 147 Kan. 134, 75 P. 2d 1023; 149 Kan. 643, 88 P. 2d 1035. We find none of them persuasive on the issues here. In *Kroenert v. Mead*, it was held that a tenant might waive in writing the benefit of exemption laws as to debts contracted for rent without the joint consent of his wife. The case had nothing to do with the court's jurisdiction. *Cowle v. Cowle* involved a property settlement which had been fully executed and did not relate to payments for child support. In *Hyde v. Hyde*, the court refused to modify its decree, but nothing was said to indicate that the court was without power to do so. The other cases cited are criminal cases in which it was held that the defendant might waive certain rights like that of representation by counsel. They do not deal with modification of an order such as the one here in question which was made under specific provision of the statute.

Appellant calls special attention to the fact that in *Hyde v. Hyde*, supra, the trial court in the original decree and order had specifically retained jurisdiction of the case for the purpose of modification if changed conditions justified, whereas in the instant case the

original decree contained no such provision. The absence of such specific provision in the original decree is immaterial, since the statute itself specifically provides for such retained and continuing jurisdiction.

The judgment is affirmed.