**ROVDER, Plaintiff-Appellee, v ROVDER, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3130. Decided November 13th, 1946.

John A. Willo, Youngstown, for plaintiff-appellee.
Phillip A. Millstone, Youngstown, for defendant-appellant.

**OPINION**

By PHILLIPS, J.

The trial judge granted plaintiff, aged fifty-two years, a divorce from defendant, aged forty-nine years, on the grounds of extreme cruelty, allowed her "as and for alimony all her wearing apparel and all the household goods and effects now in possession of the plaintiff and situate in the family homestead," ordered defendant to convey to her an undivided one-half interest in and to such homestead property, and plaintiff to pay $300.00 to defendant "in refund" of "advancements" made by him to her to pay her debts incurred prior to their marriage.

Defendant appealed to this court from the judgment of the court of common pleas on questions of law, and while he assigned seven grounds of error upon which he relies to secure a reversal of the judgment of that court, yet by brief his counsel stated "there is some evidence to indicate that the court

below may have been justified in rendering a decree of divorce to the plaintiff"; that the "sole question presented to this court is, is the amount awarded as alimony to Anna Rovder against the weight of the evidence" and "whether or not the allowance made herein was excessive to the point that this court would make an adjudgment therein," in which statements we concur.

Even without such statements we would not pass upon defendant's assigned claim of "other errors" appearing on the face of the record for the reason that counsel has not called our attention to any such errors, and in view of those statements we will pass only upon three of his other assigned grounds of error, namely, that "the decisions, orders, decree and judgment of the court of common pleas are not sustained or supported by sufficient or proper evidence," are against the manifest weight thereof, and that the trial judge erred in overruling his motion for a new trial.

Plaintiff acquired the homestead property in 1925. Her testimony reveals that there was a mortgage of $1600.00 on such property when the parties were married on October 15, 1935. Defendant's testimony discloses that such mortgage amounted to slightly more than $2,000.00 at that time. Plaintiff paid $1,000.00 on that mortgage in 1941 from the proceeds of a policy of insurance held by her upon the life of her son who died in that year.

The evidence further discloses that when married plaintiff and defendant had children from previous marriages aged 10, 16, 19 and 21 years and 5 and 8 years respectively, all of whom lived part of the time, and some of whom lived all of the time, with and were cared for by the parties and supported by the earnings of both parties and the earnings of all such children, all of whom, including the parties, were periodically unemployed and at least part time gainfully employed during the existence of the marital relationship between the parties; that during such time both parties and all such children worked to improve the house in which they all lived, and that even though the amount of such improvements and the amount of money which defendant had when he married plaintiff, which he claims was $2,000.00, is in dispute that defendant used some of his own money to build an addition to and otherwise improve such house to the claimed amount of $1800.00, and which property it is conceded is worth approximately $6,500.00 on today's market; that defendant's children, now aged 16 and 19 years respectively, elected to and are now living with the plaintiff, who is not "expecting him (defendant) to pay you (plaintiff) money for his (defendant's) children" if they con-

tinue to live with her; that because defendant was "nagging at me (plaintiff) and fighting all the time that he was working and he had nothing to show for it. I told him that if he quit drinking and everything that I would sign the house over to him. Half of it," which she did in 1945; that defendant did not quit drinking nor treating her cruelly; that at the time of their marriage defendant gave plaintiff $300.00 to pay debts incurred by her prior thereto; that while living together plaintiff had a serious illness costing $1100.00, of which amount defendant paid $200.00 and the balance of which was paid by plaintiff and her son; that defendant secured a loan of $100.00 made to him by defendant's son on an automobile for which he paid $600.00, which loan was never paid and which automobile was never returned to him. The evidence is not clear concerning who purchased the household goods, but indicates that most of it was purchased by the plaintiff.

We are of opinion that no useful purpose would be served by further reference to, or discussion of, the evidence disclosed by the meager bill of exceptions submitted to us for review.

Considering the amount of the estates of the respective parties when they were married and now, their past conduct, ages, condition of health, social standing, respective abilities to work and earn money in the future, plaintiff's self-imposed and assumed future responsibility for defendant's children and defendant's responsibility by reason thereof to support nobody but himself, and his past earnings, as in reviewing this case we, like the trial judge in hearing it, have a right to do; and mindful of the broad discretionary power to fix the amount of alimony allowable to plaintiff which resides in the trial judge, who had the advantage of seeing the witnesses upon the stand and hearing them testify, and who, in our opinion, did not abuse his discretion in this case either in granting plaintiff a divorce or in the amount of alimony allowed to her, we conclude we cannot disturb the factual findings of the trial judge, and cannot say such findings are not "supported by sufficient or proper evidence," nor are so manifestly against the weight thereof as to shock the conscience of this court.

Further, we believe that the judgment of the trial judge restoring to plaintiff defendant's undivided half interest in the homestead property, which she conditionally conveyed to him but three months before her action for divorce against him was commenced in the trial court, and which property she owned many years before she married him, is a reasonable and sound judgment; and "as a matter of common justice, the

wife ought not, after giving her all for eleven years to her second husband and his children by his first marriage, come out of this domestic wreckage without the homestead property which she bought and built before her second marriage and less than one-fourth of the cost of which could possibly have been paid during the time of her second marriage."

The trial judge did not err in overruling the defendant's motion for a new trial. The judgment of the court of common pleas is affirmed.

NICHOLS, PJ, and CARTER, J, concur in judgment.