**BRYANT, Plaintiff-Appellee, v. BRYANT, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3270.   Decided July 1, 1949

Fanyerose Gancfried, Youngstown, for plaintiff-appellee.
W. M. Howard, Youngstown, for defendant-appellant.

## OPINION

By PHILLIPS, PJ.

The trial judge granted plaintiff-appellee (called plaintiff in this opinion) a divorce from defendant-appellant (desig-

nated as defendant herein) on the grounds of gross neglect of duty and extreme cruelty; gave her "all of the household goods and effects that belong to the parties", $150.00 attorney's fees, and allowed her as and for alimony $60.00 a month, but made no order for lump sum alimony.

Defendant appealed to this court from the judgment of the court of common pleas on questions of law and fact. Plaintiff's motion to dismiss the appeal as filed was sustained, and the words "and fact" were ordered stricken from the notice of appeal; and it appearing that a bill of exceptions was duly filed the appeal was retained, argued, submitted and will be determined as one on questions of law.

Plaintiff filed a motion in this court to order the "following language stricken from the order to give appeal bond, which was entered by Hon. Harold B. Doyle, Judge of the Court of Common Pleas of Mahoning County, on the 22nd day of December 1948":—"It is ordered that execution of final judgment in this cause be stayed until determination of this case by the court of appeals * * *. And upon the posting said appellee is hereby enjoined from enforcing said judgment or attempting to enforce the same until the matter is determined in the court of appeals." (sic). That motion is overruled.

That portion of plaintiff's motion seeking alimony pendente lite is overruled for the reason that the order of the court of common pleas granting permanent alimony is retroactive to the date of allowance; and is sustained as to that portion seeking allowance to plaintiff for expenses of attorney fees for the prosecution of this appeal, and the amount thereof is fixed at $100.00, for which amount judgment is rendered. See **Calhoun v. Calhoun, 29 Abs 670.**

Defendant did not file an answer nor other pleading to plaintiff's petition, nor appear to contest defendant's action for divorce and alimony, for the reason, alleged by brief, that plaintiff advised him that she desired a divorce only, the household furniture purchased during the existence of the marriage relationship, "the temporary alimony in arrears, court costs and attorney fees", evidence of which is not before us, and which therefore we cannot consider.

By assignments of error defendant contends that "the judgment of the court is contrary to the manifest weight of the evidence as to permanent alimony"; that "the trial court erred in overruling the motion for a new trial on questions of alimony only; in overruling the motion of the plaintiff to modify the alimony order"; and that the judgment of the court is "contrary to law as to permanent alimony".

The evidence discloses that when plaintiff married defendant in 1934 she had two children by a previous marriage, each under the age of ten years, who lived with the parties and were supported by defendant until they married and left his home; that at the time of marriage plaintiff owned some household furniture and defendant owned no property of any kind, and that the only property of any nature accumulated during the existence of the marriage relationship was some household furniture; and that between the years 1942 and 1948 defendant earned an average annual salary of $2449.75.

As this court said in the case of **Rovder, Plaintiff-Appellee, v. Rovder, Defendant-Appellant, 50 Abs. 171, 78 N. E. (2nd) 422,** we say in this case:—

"We are of opinion that no useful purpose would be served by further reference to, or discussion of, the evidence disclosed by the meager bill of exceptions submitted to us for review.

"Considering the amount of the estates of the respective parties when they were married and now, * * * respective abilities to work and earn money in the future, * * * and defendant's responsibility by reason thereof to support nobody but himself, and his past earnings, as in reviewing this case we, like the trial judge in hearing it, have a right to do; and mindful of the broad discretionary power to fix the amount of alimony allowable to plaintiff which resides in the trial judge, who had the advantage of seeing the witnesses upon the stand and hearing them testify, and who, in our opinion, did not abuse his discretion in this case either in granting plaintiff a divorce or in the amount of alimony allowed to her, we conclude we cannot disturb the factual findings of the trial judge."

While not assigned as a ground of error, nor argued by brief, yet by oral argument counsel for defendant contended that the words "by decreeing to her such sum of money", found in §11991 GC, must be construed as imposing the duty upon the trial judge, if he granted plaintiff alimony, to allow her a fixed sum which he could order "payable either in gross or in installments, as the court deems equitable" (quoted from §11991 GC); and that failing to name such sum rendered the order of the trial judge void and constituted prejudicial and reversible error.

In the case of Conway v. Conway, 288 Pacific 566, upon which counsel for defendant rely heavily to secure a reversal of the judgment of the trial court, and in which it is claimed a statute similar to §11991 GC, was involved, "in an action for divorce and for alimony, the court made an allowance to plaintiff for herself of $200.00 per month, payable monthly until her death or remarriage." In that case the supreme court of Kansas "held the allowance was void, and the court was authorized to strike it from the judgment on motion of defendant made after time for appeal had expired."

In that case the parties agreed in writing, which agreement was carried into the judgment, that "the defendant shall pay into the office of the clerk of the district court the sum of $200 per month on or before the 10th day of each month, as alimony to and for the plaintiff, and not as support money for the children of the plaintiff. In event either of the death or remarriage of the plaintiff, any and all payments commencing with the date of said occurrence shall thereupon cease and terminate."

The statute of the state of Kansas (Rev. Stat. 60-1510) involved in the case of Conway v. Conway, supra, as applicable with reference to alimony reads: "or by decreeing to her such sum of money, payable either in gross or in installments as the court may deem just and equitable", which is identical with the applicable portion of §11991 GC.

The interpretation by the supreme court of Kansas of this language of one of its own statutes is interesting and enlightening, but not binding upon us.

Further the case we review and that of Conway v. Conway, supra, are distinguishable upon their facts, sufficient of which facts in both such cases are quoted supra to indicate such distinction.

We do not interpret such language in §11991 GC, as the supreme court of Kansas interpreted such language in Section 60-1511, Revised Statutes, 1923, of Kansas. See **Lape v. Lape, 99 Oh St 143,** where it is said:—

"Where a decree for divorce is granted to a wife on account of the aggression of her husband, an allowance of alimony may be based on future personal earnings on wages of the husband. In such a case the court is not necessarily limited to a consideration of property in possession of the husband at time of decree.

"Such decree for alimony may provide that it be made in weekly payments of specified sums."

We find no error as claimed by defendant in his assigned grounds of error or arguments stated supra.

The judgment of the court of common pleas is affirmed.

NICHOLS, J, BUCKLEY, J, concur in judgment.