No. 21,491.

MAY DUTCHER, *Appellant,* v. ARTHUR B. C. DUTCHER, *Appellee.*

SYLLABUS BY THE COURT.

DIVORCE—*Decree for Alimony—Decree Modified by Agreement of Parties.* Parties to an action in which a divorce is granted and the care, custody, control, and education of a minor child is given the plaintiff and alimony is given her out of which she shall pay for the education of the child, may, after the-decree has been entered, make other arrangements for the support and education of the child, for the amount of alimony to be paid, and for the times of payment.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed November 9, 1918. Affirmed.

*John W. Newell,* and *William Wallace,* both of Topeka, for the appellant.

*Robert Stone, George T. McDermott,* and *H. O. Caster,* all of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: In 1909, the plaintiff obtained a divorce from the defendant in Chicago, Ill. The decree contained the following language:

"It Is Further Ordered, Adjudged and Decreed by the court, that the defendant pay to the complainant as alimony the sum of Nine Dollars

($9.00) a week for each and every week hereafter, said payments to begin on Monday, August 2, A. D. 1909, and out of said alimony, said complainant shall pay for the education of the son, Merlin Dutcher, at the School at Jubilee Oak Hill, Ill."

The present action was commenced by the plaintiff in July 1915, to recover $588 which, she alleges, was then due and unpaid under the decree. The answer alleges that, after the rendition of the decree, the plaintiff and the defendant orally agreed that the defendant should pay the plaintiff $30 a month alimony and should supply clothes and other things which might be needed from time to time for the son, Merlin Dutcher. The answer further alleges that the defendant has complied with that agreement, has paid the $30 a month promptly, and has furnished the clothes and other articles for the child, and also alleges that these payments and articles have been accepted by the plaintiff in compliance with her agreement. The plaintiff demurred to the answer. The demurrer was overruled, and the plaintiff appeals.

The plaintiff says:

"Can a decree for alimony and maintenance for minors be altered and the rights of a minor dependent child thereunder, be waived by parol agreement between parties without approval or sanction of, or application to, the court?"

The plaintiff's question must be answered in the affirmative, on the authority of *Walrath v. Walrath,* 27 Kan. 395, supported by *Miller v. Morrison,* 43 Kan. 446, 23 Pac. 612. In the Walrath case, the plaintiff procured a divorce and was given the custody of two minor children and was given $200 annually for the support of the children. After the divorce had been granted, the plaintiff and defendant made other arrangements for the support and maintenance of the children. That arrangement was held binding on the plaintiff.

In the present action, the plaintiff argues that the minor child has rights in the judgment which cannot be ignored by the parents. What was given to the child by that judgment? Nothing. The plaintiff was given $9 a week alimony, and out of that she was to pay for the education of the child. The defendant was not, by the judgment, released from his obligation to support the child, neither was he released from that obligation by the contract he made with the plaintiff. It does not

appear that the plaintiff cannot pay for the education of the child out of the $30 a month. There is nothing in the present case to take it out of the reasoning followed in *Walrath v. Walrath*. It follows that the plaintiff is bound by the arrangement she made with the defendant concerning the amount of payments to be made by him, and concerning the times of making such payments.

The demurrer to the answer was properly overruled, and the judgment is affirmed.