No. 38,219

ANETTA G. FRENCH, *Appellant,* v. HARRY P. FRENCH, *Appellee.*

(229 P. 2d 1014)

Opinion filed April 7, 1951.

*John E. Shamberg,* of Kansas City, argued the cause, and *Joseph Cohen, Charles S. Schnider, Thomas E. Joyce,* and *Norma Braly,* all of Kansas City, were with him on the briefs for the appellant.

*J. Willard Haynes,* of Kansas City, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This case springs from litigation which had its inception in a divorce action and its incidents between the parties thereto.

For convenience the plaintiff, wife, who prevailed in that action will be referred to as appellant and the defendant, husband, as the appellee.

The appeal is from orders of the district court in (1) sustaining the appellee's motion to reduce child support payments, (2) in overruling appellant's motion for a *nunc pro tunc* order and (3) in overruling her motion for allowance of attorneys' fees to enable her to defend the proceeding instituted by the appellee.

On July 6, 1946, appellant and appellee, the parents of a son Robert, who was then of age, a daughter Margaret, sixteen years of age, and a son Harry, of the age of twelve years, entered into a separation agreement whereby they settled their property rights and agreed on an amount to be paid appellant, who was to have the custody of the minor children, for her support and that of such children. Among other things, and limited to issues involved on appeal, such contract provided:

"That party of the first part shall pay to party of the second part for her support and maintenance and for the support, maintenance and education of the minor children of the parties, the sum of Two Hundred, Fifty Dollars ($250.00) per month, . . .

"Should party of the first part sever his employment with the military or civil service of the United States Government, the amount which he shall be obligated to pay the said party of the second part for support, maintenance and education of said children and herself shall be proportionately adjusted on the basis of the ratio of his total income at the time of such severance with the amount of his total income in private employment.

"As each of the children respectively arrive at the age of twenty-one years, marry or become self-supporting, whichever event occurs first, the amount which party of the first part shall be obligated to pay party of the second part under the terms hereof shall be reduced in an amount equal to one-fifth (1/5) of the amount which he shall be paying party of the second part at the time such event occurs.

"That the said Two Hundred, Fifty Dollars ($250.00), or adjusted portion thereof, as hereinabove provided, shall be paid to party of the second part so long as she shall live, or in the event the parties are divorced, then so long as party of the second part remains single and unmarried; that in the event of a divorce and the subsequent remarriage of party of the second part before the children become twenty-one years of age, self-supporting or married, party of

the first part shall pay party of the second part for the support, maintenance and education of said children, Seventy-five Dollars ($75.00) per month for each child until each of said children becomes twenty-one years of age, self-supporting or marries, whichever occurs first."

A few days after execution of such contract appellant commenced a suit against appellee in the district court of Wyandotte county for a divorce and thereafter on September 17, 1946, as a result of proceedings which are not in controversy, judgment was rendered against appellee by the district court granting appellant a divorce and awarding her the custody and control of the minor children. The decree of divorce states that the property settlement agreement entered into by the parties under date of July 6, 1946, was presented to and approved by the court. It also contains a summarization of the court's construction of the important provisions of the contract. Included in this summarization is a statement to the effect that the payments required by its terms were to be paid by appellee to appellant for the support of the minor children and her own support in accordance with the agreement. In addition, with respect to matters important to issues here involved, the district court found and such decree reads:

"It Is Further Considered, Ordered, Adjudged and Decreed that plaintiff be and she is hereby given the care, custody and control of the minor children of the parties, namely, Margaret J. French and Harry P. French, Jr., and the defendant is given the right and privilege of visiting said children at reasonable times and said children may visit with him at reasonable times and intervals. That plaintiff be given all of the household goods, furniture and effects now in her possession, except the personal clothes and belongings of party of the first part, which he shall own and have when he shall desire to have the same. That the defendant shall pay the plaintiff for the support, maintenance and education of the minor children of the parties and for her own support the sum of Two Hundred, Fifty Dollars ($250.00) a month, which amount, or an adjusted amount, shall be paid, in accordance with the agreement of the parties entered into on July 6, 1946, until the children arrive at the age of twenty-one years, marry or become self-supporting, whichever event occurs first, or the plaintiff remarries. . . ."

Shortly after rendition of the foregoing judgment, due to a change in appellee's employment status, the parties orally agreed to reduce the monthly payments required under terms of their original contract. The date of this second agreement and the amount of the payments to be made under its terms will be presently disclosed and hence need not be detailed.

Thereafter, on June 21, 1949, approximately three years after rendition of the judgment, the parties entered into a third contract,

this time in writing, designated as a supplemental agreement, which, omitting formal portions thereof, reads:

"1. That the agreement heretofore entered into by and between them under date of July 6, 1946, be modified in this, to-wit:

"That because of the fact that the said party of the first part is no longer in the Military or Civil Service of the United States Government, and is no longer earning the amount which he was earning at the time he severed his employment with the United States Goverment, that the Two Hundred, Fifty ($250.00) Dollar monthly payments provided by paragraph four of said agreement shall be modified and changed in accordance with the formula provided in the second paragraph of said paragraph four, by reducing and adjusting the payments from Two Hundred, Fifty ($250.00) Dollars a month to One Hundred, Fifty ($150.00) Dollars a month, commencing May 1, 1947.

"2. That the oral agreement entered into by and between the parties hereto on or about October 1, 1946, for a reduction of said payments for the period from October 1, 1946, to April 30, 1947, from Two Hundred, Fifty ($250.00) Dollars per month to Two Hundred ($200.00) Dollars per month is hereby ratified, confirmed, and approved, and the party of the second part hereby acknowledges that all sums due under the terms of the agreement of June 6, 1946, as modified by said oral agreement have been fully paid.

"3. That all other terms, provisions, and stipulations of said agreement shall remain in full force and effect."

Pursuant to terms of the agreement just quoted appellee paid appellant monthly payments of $150 per month until July 1, 1949, when, apparently by an understanding between the parties, such payment was reduced one-fifth by the formula set out in the original agreement to $120, due to the fact that Margaret, the daughter, had become self-supporting. Subsequently, with some variation for claimed credits not here material, payments were made on that basis until about April 24, 1950, when appellee filed his motion to modify the divorce decree by reducing the amount of child support payments. In a summary way it can be said this motion ignored the clear and unambiguous provisions of the judgment and was predicated upon the premise the payments required by its terms were for support of the children only and that the sum of $120 per month, which we pause to note would be the amount due and payable under the provisions of the supplemental agreement after Margaret became self-supporting, was an excessive amount to be paid for the support of the minor Harry P. French which should be reduced to $75 per month.

Following the filing of the motion just mentioned the appellant filed a motion asking that appellee be required to pay her a reasonable sum as and for attorneys' fees in order that she might employ

counsel with which to contest his motion. She also filed a motion for a *nunc pro tunc* order correcting the original decree of judgment.

All motions heretofore mentioned were argued at one hearing before the judge of the district court who had tried and decided the original action. At the conclusion of such hearing appellant's *motions were overruled and appellee's motion sustained.* The journal entry reflecting this action discloses that in sustaining the appellee's motion the district court held (1) that the original settlement agreement entered into between the parties was incorporated and merged in the judgment rendered in the divorce action and that by reason thereof such agreement was extinguished and of no further force and effect; (2) that the portion of its original judgment, heretofore quoted, providing "that the defendant shall pay the plaintiff for the support, maintenance and education of the minor children of the parties and for her own support the sum of $250 a month, which amount, or an adjusted amount, shall be paid in accordance with the agreement of the parties entered into on July-6, 1946, until the children arrive at the age of twenty-one years . . . or the plaintiff remarries," should be construed as an order made by it for the support of the two minor children of the parties and that the part thereof providing a portion of such sum should be paid to the appellant "for her support . . . until . . . or the plaintiff remarries," should be disregarded and has no legal effect for the reason that to give it force and effect "constitutes permanent alimony in favor of the plaintiff and is therefore void for the reason no total sum thereof is provided."; (3) that the supplemental agreement entered into between the parties was not to be construed as a contract whereby, notwithstanding the judgment, appellee had agreed to pay appellant the payments specified by its terms for her support and maintenance and for the support, maintenance and education of the minor children but as one whereby the appellant and appellee had agreed to reduce the payments required by its terms for the support of their children, and (4) that notwithstanding the supplemental agreement the appellee was only required to pay appellant the sum of $75, and that as support money for their remaining minor child, which amount, it is to be noted, was considerably less than appellee had agreed to pay her under the terms of the supplemental agreement.

We have serious doubt the trial court's conclusions 1 and 2, to which we have just referred, are warranted by the record. Under

our decisions (See, e. g., *Petty v. Petty*, 167 Kan. 510, 207 P. 2d 428, and cases there cited) a separation agreement, approved by the trial court as a part of its decree in a divorce action, is not to be regarded as merged in the judgment in the absence of clear and unequivocal language requiring that conclusion. Even then it is by no means certain it can be said or held that such agreement is extinguished to the extent its contractual provisions are no longer binding upon the parties. Under other decisions (See *Hyde v. Hyde*, 143 Kan. 660, 56 P. 2d 437; *Petty v. Petty*, 147 Kan. 342, 76 P. 2d 850; *McKinney v. McKinney*, 152 Kan. 372, 103 P. 2d 793; *Perkins v. Perkins*, 154 Kan. 73, 114 P. 2d 804, and cases there cited) we have held that a husband and wife may enter into a marriage settlement whereby they agree upon a division of property as between themselves and payment to be made by the husband to the wife for her maintenance and for the care and custody of their children and that when such an agreement is approved by the trial court the rights and liabilities of the parties thereto are governed by the terms of the contract, not by the statutory authority of the court in divorce cases. However, it is not necessary and we are not disposed to here labor or pass upon whether either of such two conclusions is erroneous. Assuming, but without deciding, that both are correct there is sound ground for holding the trial court's action cannot be upheld.

We are convinced the trial court's conclusion heretofore identified as (3) to the effect the supplemental agreement was to be construed as an agreement between the parties reducing the child support payments required by the terms of the judgment finds no support in the record. Indeed the contrary appears. Under the terms of that instrument when read in connection with paragraph four of the original contract, to which it expressly refers, what appellee contracted to do was *to pay appellant for her support and maintenance* and for the support, maintenance and education of the two minor children the sum of $150 per month ($120.00 on the date of the hearing due to the fact that in the meantime one of such children had become self-supporting). That, we pause to note, did not contravene but was in entire compliance with the then existing express conditions of the divorce decree providing that payments should be made to the wife *in accordance with the agreement* of July 6, 1946.

Thus it appears the primary question involved in this case is whether, in the face of an undisputed record disclosing that subsequent to the date of the divorce decree appellee had contracted with appellant to pay her for her own support and the support, maintenance and education of their minor children the amounts heretofore indicated, the trial court erred in holding that under and by virtue of its continuing jurisdiction over minors involved in a divorce action it could disregard that contract and enter a support order the legal effect of which if unappealed from would result in releasing the appellee from a portion of the obligation he had agreed to pay appellant under its terms.

We have little difficulty in concluding that, under our decisions, with facts and circumstances as heretofore related, the foregoing question must be answered in the affirmative on the authority of *Dutcher v. Dutcher,* 103 Kan. 645, 175 Pac. 975; *Miller v. Morrison,* 43 Kan. 446, 23 Pac. 612 and *Walrath v. Walrath,* 27 Kan. 395. These decisions definitely establish that in this jurisdiction an agreement such as is here involved is valid and binding between the parties. Therefore, since the record discloses appellee had agreed under and by virtue of the terms of the supplemental contract to pay appellant the sum of $150 (now $120.00) per month for her support and the support of their minor children, it follows that the trial court erred in making an order which, if permitted to stand, would result in absolving appellee from a portion of the obligation he had assumed and was obligated to pay under its terms.

Appellant contends the district court erred in denying her motion for a *nunc pro tunc* order. The function of a *nunc pro tunc* order is not to make an order now for then but to enter now for then an order previously made (See *Bush v. Bush,* 158 Kan. 760 150 P. 2d 168). We have examined the record and are by no means certain the trial court included the 'matters covered by this motion in its judgment. In such a situation we are unwilling to say the trial court committed error in denying the motion.

Another contention advanced by appellant is that it was error to deny her motion for allowance of attorneys' fees in order that she might employ counsel. She was not entitled to an allowance of attorneys' fees as a matter of right. We have held (See *Hayn v. Hayn,* 162 Kan. 189, 175 P. 2d 127) the refusal of a trial court to allow such fees will not be disturbed in the absence of facts disclosing abuse of discretion. Appellant adduced no evidence in

support of this motion when it was heard and bases her claim of error on this point solely upon the fact her motion was verified. A verified motion does not supply the record with the facts required to warrant a finding of abuse of discretion on appellate review.

We have not overlooked appellee's challenge of appellant's right to be heard based on the ground she failed to file her abstract of record within forty days as required by our rules. The trouble with this claim is that appellee did not make this challenge until more than three months after appellant had filed her abstract. In fact such claim was not made in this court until the date on which he filed his brief. Under such conditions, even though we do not approve of a violation of our rules, we are not inclined to and do not deprive litigants of the right to be heard on appeal.

The order and judgment of the district court sustaining the appellee's motion to modify the divorce decree is reversed with directions to set it aside and it is so ordered.