No. 41,835

DELORES A. GRUNDER, *Appellant*, v. HAROLD R. GRUNDER, *Appellee.*

(352 P. 2d 1067)

Opinion filed June 11, 1960.

*Otto J. Koerner,* of Wichita, argued the cause, and *Lee R. Meador,* and *Thomas A. Bush,* both of Wichita, were with him on the briefs for the appellant.

*John W. Sowers,* of Wichita, argued the cause, and *Clarence R. Sowers,* of Wichita, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal by the mother of three minor children from an order sustaining the father's motion to modify the provisions of a divorce decree relating to the support and maintenance of such children.

The facts required for a proper understanding of the appellate issues involved can be stated thus.

July 1, 1959, issues having been joined by proper pleadings, the divorce action of Delores A. Grunder, plaintiff, against Harold R. Grunder, defendant, came on for trial before the Honorable B. Mack Bryant, Judge of the district court of Sedgwick County, division No. 3. After the plaintiff's second witness had testified a recess was called. During the recess the parties reached an agreement with respect to their property rights and the amount to be paid each month for support of the minor children. The court was then advised accordingly. Thereupon the trial proceeded and

at the close of the evidence the court made certain findings which, according to the journal entry, read:

". . ., the Court FINDS generally for the plaintiff. The Court further FINDS that the plaintiff and defendant by and through their counsel and with the advise of their counsel have settled their property rights and obligations; as follows:

"That the plaintiff shall have as her sole and separate property, free and clear of any claim of the defendant thereto, the equity in the real estate at 246 Delos, Haysville, Kansas, together with carpets and drapes; if not included in the Mid-Town mortgage also, the equity in the 1955 Chevrolet automobile and one evaporator cooler now installed in the residence, subject to encumbrance.

"And the defendant shall have as his sole and separate property, free and clear of any claim of the plaintiff thereto, the equity in one boat and motor; the equity in all the household furniture in and on the premises as the items are listed with the mortgage at Mid-Town Loan Company. Also, all personal effects, tools, fishing and hunting equipment and patent rights. That the defendant shall pay the Fourth National Bank indebtedness and the indebtedness on the furniture and on the boat; also, the State Securities indebtedness, and outstanding medical bills. Defendant shall pay $90.00 on the 1st and $90.00 on the 15th of each month for child support.

"And the Court further FINDS that said Property Settlement be and the same is hereby approved by the Court.

"The Court further FINDS that the plaintiff is a fit and proper person to have the custody and control of the minor children of the parties, and defendant shall have reasonable rights of visitation to said minor children as hereinafter set forth."

After making the foregoing findings the court rendered a judgment in accord therewith wherein it granted plaintiff an absolute divorce from defendant; gave plaintiff custody of the three minor children of the parties; ordered that plaintiff have judgment against the defendant for support of said children, such support money to be paid through the Clerk of the district court, in the sum of $180 per month; granted the defendant rights of visitation of the children from 9:30 a. m. to 6 p. m. every other Sunday and a fifteen day visitation during the summer vacation. In addition the court specifically retained jurisdiction over the minor children; directed that they were not to be taken out of the state without its order; and specified that if they were taken from the state without such an order all support money would cease and the defendant would be excused from payment thereof.

On August 3, 1959, the plaintiff filed a motion for an order permitting her to take the three children to California for reasons,

among other things, that she had been promised desirable employment in such state and that her mother lived there and could take care of the children during the day while the plaintiff was employed, all of which was to the best interest and benefit of the three minors. On August 10, 1959, this motion, with all parties present and represented by counsel, was heard by the Honorable Wm. C. Kandt, Judge of the District Court of Sedgwick County, division No. 1, who, after finding that it should be sustained, entered an order and judgment granting plaintiff authority and approval of the court to take the minor children from the state of Kansas.

Thereafter, and on August 25, 1959, defendant filed a motion in district court wherein he asked that he be relieved of further support for the children for the reason plaintiff had led him to believe she would keep them in the state of Kansas where he would have reasonable rights of visitation and that it was by reason of such assurance he settled the case and gave the home of the parties to the plaintiff. In such motion defendant also alleged that plaintiff knew at the time she was making such representations that she had a plan to immediately remove the children to California and thus deprive him of visitation rights with them. Further allegations of such motion were to the effect that plaintiff, through her attorney, waited until Judge Bryant was absent from Sedgwick County and to further her scheme to move the children from the state, took up her motion seeking their removal before Judge Kandt who was not familiar with the case and who refused defendant's motion to permit Judge Bryant to hear plaintiff's motion; that immediately after the granting of her motion plaintiff took some of defendant's property, which had been awarded him under the divorce decree, and the children to California without even allowing defendant the right of farewell visitation.

The motion last mentioned came on for hearing before Judge Bryant who, after hearing all evidence offered by counsel for the respective parties, directed that defendant should pay support money due to September 28, 1959, according to the order and judgment of July 1, 1959, found that from and after the date of such hearing the amount of the original support order should be modified by requiring the defendant to pay $60.00 per month instead of $180.00, and then entered an order and judgment accordingly.

Thereupon plaintiff perfected the instant appeal in which, under a single specification of error she charges the trial court erred in

reducing the child support payments from the amount agreed upon by the parties in the agreement described and approved in the divorce decree of July 1, 1959.

The essence of the first contention advanced by appellant in support of her claim of error is that, under the facts as heretofore stated, the trial court had no power or authority, subsequent to the decree as rendered in the divorce action, to modify the order for support of the minor children, even upon a proper showing of changed conditions and circumstances. Unfortunately, from her standpoint, appellant's claim on this point has been determined contrary to her position in decisions of this court, which have never been disapproved or overruled, under conditions and circumstances so similar to those here involved they must be regarded as controlling precedents.

See *Phillips v. Phillips,* 163 Kan. 710, 186 P. 2d 102, where, for purposes of determining the claim now under consideration the controlling facts, conditions and circumstances are so identical they cannot be distinguished from those presented by the record in the case at bar, we held:

"Subsequent to the decree in a divorce action, the district court has a continuing jurisdiction to change or modify an order therein made for support of a minor child when facts and circumstances are shown which make such change or modification proper. (G. S. 1935, 60-1510.)

"The fact that the parties to a divorce action have entered into an agreement as to amounts to be paid monthly for support of a minor child, and that the court, finding the agreement to be reasonable, has ordered such payments to be made, does not deprive the trial court of its jurisdiction thereafter to modify the order as to subsequent payments, whenever facts and circumstances are shown which make such modification proper." (Syl. ¶¶ 1 and 2.)

And in the opinion, after quoting G. S. 1935, 60-1510 (now G. S. 1959 Supp., 60-1510), providing that when a divorce is granted the court shall make provision for the support of the minor children of the marriage and *may modify or change any in this respect whenever circumstances render such change proper,* said:

"Appellant takes note of this statute, but argues that when the parties entered into the stipulation including the provision for payment of $40 a month, they in effect 'waived' the statute and became bound under the contract. The contention is not good. Even though the stipulation should be construed as an attempt to 'waive' the statute, the parties of course had no power by agreement among themselves or otherwise, to deprive the trial court of the jurisdiction which it has under the statute." (pp. 711, 712.)

See, also, *Davis v. Davis,* 145 Kan. 282, 65 P. 2d 562, which holds:

"A district court has power to modify or change any previous order with respect to payments for the support, maintenance and education of the minor children of a marriage whenever circumstances render such change proper. The new order, however, cannot increase or decrease amounts past due. It must be made effective from the date of modification and not from the date of the original decree or from the time of changed circumstances. In other words, the modification must operate prospectively and not retroactively." (Syl. ¶ 1.)

In passing it is to be noted that in sustaining the motion to modify child support payments the trial court recognized the rule that modification must operate prospectively and not retroactively by including in its order a requirement that the appellee pay all back child support due to the date of its decree to the clerk of the district court.

The foregoing decisions, to which we adhere, compel a conclusion the appellant's claim the trial court had no power or authority to order a modification of the child support order in question lacks merit and cannot be upheld.

In leaving the point just decided it should be stated we have not overlooked but considered four cases, in fact the only decisions, cited by appellant in her brief as supporting her position on appeal. They are *Walrath v. Walrath,* 27 Kan (2nd Ed.) 395; *Miller v. Morrison,* 43 Kan. 446, 23 Pac. 612; *Dutcher v. Dutcher,* 103 Kan. 645, 175 Pac. 975; and *French v. French,* 171 Kan. 76, 229 P. 2d 1014, and the sole claim made with respect to them is that they compel a conclusion contrary to the one heretofore announced. Let us see. Careful analysis of such decisions discloses that each has to do with a controversy between the parties involved in a divorce action over the force and effect to be given a contract entered into between them after the rendition of the divorce decree, wherein such parties contracted between themselves for a disposition of their rights and obligations as to alimony and amounts to be paid for child support, on a basis different than that provided for by the respective decrees. Moreover each of such decisions discloses distinguishing features, as to facts, conditions and circumstances, other than the one hereinabove noted as common to all, and we find none of them to be persuasive upon the present issue. In that situation we have little difficulty in concluding such decisions are clearly distinguishable from the case at bar, as well as the authorities on which we base our conclusion, and for that reason, under the confronting facts and

circumstances, have rejected claims made by appellant with respect to the value of the decisions on which appellant relies as precedents.

Finally, conceding that a trial court is vested with wide discretion in determining whether a motion for modification of a child support order should be denied or allowed, appellant contends the court abused that discretion in modifying and reducing the child support order as indicated in its order sustaining the motion for that relief. In view of the limited scope of appellant's single specification of error, to which we have heretofore specifically referred, it might well be held that this claim of error is not specified as error and hence not subject to appellate review. Be that as it may, we have decided to consider it.

It would add nothing to our reports to here relate the evidence on the hearing resulting in the modification of the child support order. It suffices to say that, when everything in the record entitled to consideration on a review of that ruling is considered, it cannot be denied such record makes it appear that appellee's ability to pay child support has diminished; that appellant's financial condition, due to the sale of the home for which she received a substantial amount, had increased; and that the trial court's initial order for support money under the divorce decree was based in part, at least, on the premise the home would not be sold but occupied by the appellant and the children of the parties as a place of residence. Under such circumstances, admitting the record of the facts before the trial court on the hearing of the motion were of such character that reasonable minds might differ as to whether they warranted a change in the order but mindful that under our statute (G. S. 1959 Supp., 60-1510) and reported cases the decision of that question rested in the sound discretion of that tribunal, we have concluded it should not be held such court abused sound judicial discretion in making the order and judgment appealed from. Moreover it is certain the record fails to affirmatively establish that it did so.

What has been heretofore related and held requires an affirmance of the order and judgment in question and it is so ordered.

FATZER, J., dissents from paragraph 2 (2) of the syllabus and the corresponding portion of the opinion.