WHITE, Judge.
Margaret C. Luedke, plaintiff below, appeals an order denying her prayer for a judgment for alleged “arrears” in child support but requiring the defendant to increase his payments for child support from $100.00 to $125.00 per month. The chancellor found and adjudged as follows:
“ * * * 1. Plaintiff and defendant are the parents of a minor child named Scharlyn. Pursuant to a divorce decree dated September 2, 1948, and entered by the Circuit Court of Milwaukee County, State of Wisconsin, the parties were divorced and defendant was di *219 rected to pay as support money to the plaintiff and the minor child the sum of $6000.00 per annum, payable in twelve installments of $500.00 each. The decree also provided that in the event of remarriage of plaintiff the defendant should pay reasonable expenses of support, maintenance and education of the minor child, the amount of such expense, in the event of a dispute to he determined by the Circuit Court of Milwaukee County, State of Wisconsin, in accordance with the settlement agreement.
“2. Thereafter, on September 7, 1950, plaintiff remarried. On March 24, 1951 the parties entered into an agreement (Defendant’s Exhibit #1) whereby the judgment of divorce dated December 2, 1948 was amended as to alimony, the defendant Behringer would continue to pay $500.00 each month up to and including April 15, 1951. The agreement further provided that after April 15, 1951 the defendant would pay to plaintiff $180.00 [sic but record shows $100.00] per month as and for support money for Scharlyn and that he would pay any and all unusual and extraordinary medical expenses. The modification also stipulated that the agreement should not modify the original agreement approved by the Court except as it related to the amount of money to be paid by the defendant for use and benefit of plaintiff. There is no indication that this modification was ever ratified by the Wisconsin Court.
“3. Admittedly, as to the modification agreement, defendant paid $500.-00 per month until April 15, 1951 and since that time until September of 1958 the defendant paid $100.00 per month. In 1958 defendant paid plaintiff $771.62 together with $2576.31 for support and maintenance while the daughter was in camp or boarding school. In 1959 defendant spent in excess of $2300.00 for the support and maintenance of the minor — some going to the plaintiff, other for the benefit of the child at school.
“4. In 1960 the defendant paid $1200.00 ■ for support of Scharlyn.
“5. It is the opinion of the Court that the minor child of the parties required an increase in support and that the defendant is able to increase the monthly payment to plaintiff for support of Scharlyn.
“Accordingly, it is
“ORDERED, ADJUDGED AND DECREED that:
“1. Plaintiff’s prayer for a judgment for arrears in child support be and the same is hereby denied, it having been shown by competent evidence that the defendant is not delinquent.
“2. The Defendant shall pay to the Plaintiff for the support and maintenance of the minor child of the parties the sum of $125.00 per month, the first payment to commence on October 1, 1961 and continue each month thereafter. In addition thereto the Defendant should pay any unusual or extraordinary medical expenses for said child.
“3. Plaintiff’s prayer for attorney’s fees be and the same is hereby denied.”
The chancellor’s findings of fact as above set forth are not in question. The plaintiff, however, contends that the parties’ agreement of March 24, 1951, subsequent to the decree, regarding the maintenance and education of their minor daughter was not a legally binding agreement and that the payments made, even though pursuant to such agreement, were in fact insufficient and that the circumstances justify a judgment against the defendant for arrearage. The chancellor’s refusal to enter judgment with respect to past support is sustained by the trend of decisions in similar cases. See Dutcher v. Dutcher, 103 Kan. 645, 175 *220 P. 975; Annotation 84 A.L.R. 299. It is notable in this connection that the original Wisconsin decree provided for lump sum monthly payments covering both alimony and child support, no particular sum being specified with reference to child support.
The prime considerations in this case are the interests and prospective welfare of the minor daughter, now sixteen years of age. It was shown that the defendant father provided for her as agreed by paying the stipulated amounts of child support and additional expenses. The parties agreed to a modification of the requirements as set forth in the original decree, and at the time of the instant suit each party had honored the new arrangement. It was not shown that the daughter suffered during the interim, and we find no basis for disturbing the chancellor’s refusal to enter judgment for the claimed deficiency or “arrearage” of child support.
The plaintiff next contends that the prospective part of the chancellor’s order awarding $125.00 a month for future child support was grossly inadequate in view of the evidence. The chancellor found that the requirements of child support justified an increase from $100.00 per month and that the defendant was able to pay such increase. The defendant accordingly was required to pay $125.00 per month plus extraordinary medical expenses. Plaintiff insists that in view of the needs of the minor daughter and the affluent financial circumstances of the defendant the $125.00 a month figure was much too low. On the other hand defendant maintains that plaintiff’s request for $10,400.00 a year is unrealistic and unreasonable and further contends that the plaintiff’s extravagant tastes and demands should not be imposed on him in the form of increased child support.
The defendant testified that his net worth was approximately $800,000.00 but that his current income was relatively small. For purposes of comparison in this connection we note Dworkis v. Dworkis, Fla.App.1959, 111 So.2d 70, 75, 72 A.L.R.2d 1189, wherein the court said:
“ * * * ‘The Court’s attention is called to the fact that the appellee is admittedly worth one hundred fourteen thousand * * * dollars. The award for the child was fifteen * * * dollars per week.’ * * * [W] enow hold that the amount of $15 a week which was fixed by the final decree for the support of the 11-year-old minor child was inadequate for his support, and that the assets of the appellee and his. income, as shown on the record, are-adequate to support a more reasonable and realistic allowance for the support of the child, which we hold should be fixed at $30 per week * * *.
* * * * * *•
“The father was shown to have-assets amounting to $114,000, and formerly to have had a substantial1 income. His present annual income, of approximately $5,000 is derived from certain securities which he owns.* * *
“It was argued for appellee that his income was not sufficient from which to pay any increased amount of support. That could be true as to-a large increase, but his income is adequate for the increase provided' for here. Moreover, the size of his annual income is not the full test of appellee’s ability to pay child support. Such ability to pay may also be measured by the size of the maris estate and net worth * * *.
* * * * * $
“While the record does not show that the parties lived expensively or extravagantly, it is disclosed that they lived comfortably, paying rentals for their abodes of from $120 a month to $200 a month. On considering the assets and incomes of these parties and other evidence bearing on their manner of living when together, it appears that the allowance of $15 a. *221 week was substantially less than the amount which necessarily must have been expended for the care, maintenance and education of the child.” (Emphasis added.)
Slimer v. Slimer, Fla.App.1959, 112 So.2d 581, 582 held:
“ * * * The children are entitled to be reared in a home as a part of a family and under circumstances conforming reasonably with the mode of living that the husband has set for himself. * * * The husband is a man of considerable wealth, owning and operating a successful and profitable business * * * and enjoying a large income. He owns extensive capital assets and during the period of the marriage the parties enjoyed a high standard of living.
“ * * * As reluctant as we are to interfere with the conclusions of chancellors in cases of this kind, we must and do reverse that portion of the final decree with directions to reconsider the evidence in this cause and to make a suitable award * * * for support of the children.” (Emphasis added.)
The last point on appeal in the instant case is whether or not the court erred in denying attorney’s fees to plaintiff’s attorney. In Graves v. Graves, Fla.App.1959, 115 So.2d 451, 453, the court said:
“The award of attorney’s fees to appellee’s counsel by the chancellor was error. If the petition coidd be considered as an attempt under § 65.15, supra, to increase the support for the minor children provided for by the final decree, it would be erroneous to azuard attorney’s fees for the simple reason there is no provision in the stattute for stick an award. Under § 65.16, Fla.Stat., F.S.A., provision is made for an award of reasonable attorney’s fees in a proceeding brought for the purpose of enforcing the decree or order of the court providing for the payment of alimony or support for children. Inasmuch as the petition for modification was obviously not for the purpose of enforcing a decree or order of the court providing for the payment of alimony or support for children, an award of attorney’s fees could not be justified under that section of the statute. * * ” (Emphasis ours.)
The decree under review is affirmed except as to that portion thereof which awards the plaintiff $125.00 per month child support. That award appears to be unjustifiably low. Accordingly in that respect the decree is reversed and the cause remanded for further consideration and the allowance of an award more consonant with the needs of the minor daughter, the father’s customary mode of living and his ability to provide.
Affirmed in part, reversed in part.
ALLEN, Acting C. J„ and SMITH, J„ concur.