No. 43,211

NORMAN W. LIKES, *Appellee*, v. AUDREY M. LIKES, *Appellant*.

(383 P. 2d 983)

■■■■

*John H. Fields*, of Kansas City, argued the cause, and *David W. Carson*, *John K. Dear*, *Ernest N. Yarnevich*, *J. W. Mahoney*, and *Joseph T. Carey*, all of Kansas City, were with him on the briefs for the appellant.

*Edward H. Powers*, of Kansas City, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.; This is an appeal by the defendant mother from the trial court's order sustaining plaintiff's motion seeking modification and reduction of a child support order growing out of a divorce action.

On November 23, 1960, the parties entered into a separation agreement wherein support for their thirteen-year-old son was set at $40.00 per week until January, 1962, and thereafter $50.00 per week during his minority. On December 13, 1960, a divorce was granted to defendant and the child support was ordered as above set out although the record does not show the support agreement was made a part of the then order of the court. On April 1, 1961, plaintiff filed a motion for modification of the child support order but prior to a hearing thereon, he was in default of payments and defendant filed an accusation in contempt. Both matters were heard on June 16, 1961. Plaintiff was found not guilty of willful contempt, and on the motion to modify, his counsel was granted time to submit authorities on the power of the trial court to modify its original decree in the light of the prior separation agreement.

At about the same time of the contempt accusation, defendant instituted garnishment proceedings against plaintiff and his employers in Missouri which resulted in another agreement whereby his employers would pay the required current payments plus an amount to be applied on accrued payments which were in arrears.

On March 9, 1962, defendant's motion for modification was further heard, on May 25, 1962, arguments were made, and on June 5, 1962, plaintiff's motion for modification of the original decree was sustained.

The ruling of the trial court on the motion to modify was first made by letter from the court dated June 5, 1962, wherein it, in

substance, stated that by reason of the several hearings, it had had an opportunity not only to hear the evidence but to observe the effect of the trial court's order in the original divorce decree granted on December 13, 1960. The court stated that plaintiff obviously had not been financially able to comply with the support order and should never have agreed to do so. The court then stated it had verified the fact that plaintiff was heavily indebted to various creditors, including his employers, and his financial condition had deteriorated since the divorce to the point where he could not pay the amount of child support he was required to pay under the divorce decree. The trial court reduced the child support from $200.00 monthly, based on weekly payments of $50.00, to $125.00 monthly beginning on June 1, 1962. Plaintiff was ordered to make arrangements to use a substantial portion of the amount of the reduction toward payment of debts required of him under the divorce decree and that *the reduction was conditioned on the plaintiff making such arrangements.* Other points discussed in the journal entry of judgment are not material to the question before us.

Both parties abstracted some of the evidence and parts of it support the findings and conclusions of the trial court.

At the outset we should point out that the fact the parents had agreed to the original custody and support order for their minor child does not affect the continuing jurisdiction of the trial court over subsequent questions of support under G. S. 1961 Supp., 60-1510 which, in part, provides that when a divorce is granted, the trial court shall make provision for the custody, support, and education of minor children and may *modify or change any order in this respect whenever circumstances render such change proper.* The same statute further provides that if after a divorce has been granted, both parents are found to be unfit to have custody of their minor children, the trial court has power to change the original custody order, and the statute even goes so far as to provide that under the exercise of the trial court's continuing jurisdiction, the parents' rights may subsequently be restored to either or both of them by such court. Our latest case under this statute, relied on by both parties and mentioned by the trial court both in its letter of June 5, 1962, and in its journal entry of judgment, is *Grunder v. Grunder,* 186 Kan. 766, 352 P. 2d 1067, where it was stated:

"Subsequent to the decree in a divorce action, the district court has a con-

tinuing jurisdiction to change or modify an order therein made for support of a minor child when facts and circumstances are shown which make such change or modification proper." (Syl. ¶ 1.)

Under the above ruling, no question remains as to the power and authority of the district court to modify an initial, or original, child support order.

The second question presented is whether the trial court abused sound judicial discretion in modifying the original support order. The same question was also presented in the Grunder case under almost identical facts except that (1) there were three children involved instead of only one, (2) the mother, under an order of the same district court in which the original divorce decree had been granted but made by the judge of another division thereof, had removed the children from the state of Kansas, and (3) although at the time the decree was granted, the home had been given to the mother with the understanding that she should live and remain in the state of Kansas with the children, the mother had sold the family home and removed the children to California.

We cannot here ignore the additional expense to plaintiff resulting from the Missouri garnishment proceeding instituted by defendant, including court costs and attorney fees, whereby, under an agreement entered into by plaintiff, defendant, and plaintiff's employers, plaintiff's wages were withheld from him. The Grunder case is decisive of the problem before us on this point also because obviously this new obligation, coupled with plaintiff's diminishing ability to pay child support, were matters to be considered by the trial court and since there is ample evidence to support its findings and conclusions, we are compelled to conclude the trial court did not abuse its sound judicial discretion in making the modification.

We are appreciative of the diligent work of counsel in preparing their briefs including citations from foreign jurisdictions, but we are of the opinion the Grunder case, which rests upon earlier decisions of this court cited therein, is controlling and we need not enlarge the opinion by analyzing other authorities cited.

Judgment affirmed.