CARROLL, DONALD K., Judge.
The defendant-wife in a divorce suit has appealed from an order entered by the Court of Record for Escambia County denying her petition for modification of the divorce decree with respect to the custody of the parties’ children.
The basic question presented for our determination in this appeal is whether that court abused its judicial discretion in denying the defendant’s said petition for modification.
In the final decree of divorce the court granted to the plaintiff an absolute divorce and awarded to him the permanent care and custody of the parties’ three minor children, basing the decree upon testimony and upon a separation and property settlement agreement that had been entered into by the parties. Two months thereafter the defendant filed her petition (later amended by her) to modify the decree by awarding the children to her mainly because of her fitness to care for them.
After the taking of testimony the court entered the order appealed from herein, denying her petition as amended for the stated reasons that the defendant “has failed to show by a preponderance of the evidence that since the entry of the final decree there has been a change of circumstances that will authorize, justify or allow this Court to grant her petition for modification, nor does the paramount interest of these children demand such a change. * * * ” jf the just-quoted reasons are supported by the record, and we think they are, the order must be affirmed by this Court.
*382 A fair statement of the decisional law in Florida with respect to proceedings of this kind may be found in 10 Fla.Jur., Divorce, Separation and Annulment, Section 263, page 671, as follows:
“A decree awarding custody is a final adjudication based on facts then presented in evidence; a decree cannot be modified unless there has been a substantial change of circumstances or unless material facts bearing on the issue of custody which existed when the issue was decided were not disclosed to the court. Considerations which give rise to the general rule of res judicata preclude a reliti-gation of the issue of custody where the facts remain substantially the same as those adjudicated in the original order.”
Among the many Florida decisions recognizing the just-quoted rule are those of our Supreme Court in Frazier v. Frazier, 109 Fla. 164, 147 So. 464 (1933) and Belford v. Belford, 159 Fla. 547, 32 So.2d 312 (1947).
One of the defendant’s contentions on this appeal is that the court erred in not permitting testimony from her concerning matters contained in her petition which transpired prior to the separation of the parties in 1964 (two years before the divorce decree was entered). This ruling, was, we think, correct under the above-quoted rule, since the divorce decree constituted res judicata.
The chief contention of the defendant is that the court erred in failing to find a substantial change of circumstances that would require giving the children’s custody to the defendant. With regard to this contention, we point out that in these proceedings the court sat as the chancellor and thus as the trier of the facts, and an appellate court in such a situation is without authority to substitute its judgment as to the questions of fact for that of the chancellor, when the record reasonably supports his judgment. See our decision in Cole v. Cole, Fla.App., 130 So.2d 126 (1961), for the rationale underlying this rule. Here the record, in our opinion, reasonably supports the chancellor’s finding that there was not such a substantial change of circumstances as to award the care and custody of the children to the defendant. We cannot say, therefore, that the court abused its judicial discretion in denying the defendant’s said petition.
Other questions raised in this appeal have been considered and found to be without merit.
Accordingly, the order appealed from should be and it is
Affirmed.
WIGGINTON, Chief Judge, and JOHNSON, J., concur.