343 So.2d 1319 (1977)
Helen WIENER, Appellant,
v.
Seymour James WIENER, Appellee.
No. 76-684.
District Court of Appeal of Florida, Third District.
March 29, 1977.
*1320 Spiegelman & Spiegelman and Ronald A. Gottlieb, Miami, for appellant.
Joseph Pardo, Miami, for appellee.
Before BARKDULL, HAVERFIELD and HUBBART, JJ.
PER CURIAM.
The appellant sought to enforce a property settlement agreement; the appellee sought to modify it. The chancellor conducted a number of hearings and finally concluded that the appellant was not entitled to a money judgment for certain arrearages of alimony; that the appellee was not entitled to modify the arrangement the parties had worked out and, further, that the parties by oral agreement had declared a moratorium on the appellee's responsibility during the period of time that he was unemployed. The final order rendered reads, in part, as follows:
* * * * * *
"THE PARTIES HERETO were divorced on July 16, 1965. The Final Decree awarded the Plaintiff, HELEN WIENER, alimony and support and by various Petitions for Modification, because of the changed circumstances of the Defendant, SEYMOUR JAMES WIENER, said Petitions were granted and the original amount of support was reduced to $560.00 per month, apportioned $420.00 per month as alimony and $140.00 per month as child support.
"On October 5, 1971, this Court provided that because of the changed circumstances of the Defendant, that the previous Order requiring the Defendant to pay the above sums, was deferred until on or about January, 1972, at which time, the Court was to re-examine the support requirements as to the needs of the Plaintiff and the ability of the Defendant to pay.
"Since the date of the last Order, October 5, 1971, the Defendant testified and this Court does find that the parties hereto had entered into an agreement whereby the Defendant was to refrain from petitioning the Court for modification and refrain from petitioning the Court to re-examine the support requirements as to the needs of the Plaintiff and the ability of the Defendant to pay and the Defendant agreed to pay to the Plaintiff the $300.00 per month which was required by the mortgage payment, which was given to the Plaintiff as part of the settlement agreement, and to waive the payment of any alimony to the Plaintiff until such time as the Defendant became employed.
"The parties further agreed that, at the time that the Defendant became employed again, that he would commence to pay to the Plaintiff $150.00 per month in addition to the $300.00 per month under the mortgage agreement, making a total payment to the Plaintiff by the Defendant of $450.00 per month.
"This Court finds that the parties hereto abided by said arrangement and this Court finds that said new agreement is legally binding between the parties and the payments made thereunder were complied with by the Defendant, SEYMOUR JAMES WIENER.

*1321 "The case of Margaret C. Luedke v. John Claud Behringer, (Fla.App. 1962), 143 So.2d 218, brought to the Court that very issue and considered the allegations of arrearages in support made by a Plaintiff-Wife, in regard to whether the agreement between the parties subsequent to the entry of a decree was a binding agreement. The Court said, in upholding said agreement:
"`The Plaintiff, however, contends that the parties' agreement of March 24, 1951, subsequent to the decree, regarding the maintenance and education of their minor daughter, was not a legally binding agreement and that the payments made, even though pursuant to such agreement, were in fact insufficient, and that the circumstances justified a Judgment against the Defendant for arrearage. The Chancellor's refusal to enter Judgment with respect to past support is sustained by the trend of decisions in similar cases. See Dutcher v. Dutcher, 103 Kan. 645, 176 P. 975; Annotation 84 A.L.R. 299 ...'
* * * * * *
"This Court does find, from the testimony presented, that the stipulated amounts of support was duly paid by the Defendant, SEYMOUR JAMES WIENER, to the Plaintiff, HELEN WIENER, and further, that the new agreement had been honored by the parties, and the Plaintiff, HELEN WIENER, in this case, had not suffered in the interim.
"It is clear, in the law, that a party may waive any rights to which he or she is legally entitled, whether guaranteed by the Constitution, conferred by Statute, secured by contract, or by a Final Decree entered by the Court. 12 Fla.Jur. Estoppel and Waiver, § 5; 56 Am.Jur. Waiver, § 4; Gilman v. Butzloff, [155 Fla. 888,] 22 So.2d 263. This waiver may be express or implied. Thomas N. Carlton Estate, Inc. v. Keller, (Fla. 1951), 52 So.2d 131.
* * * * * *
"This Court, on January 21, 1976, at the time of the entry of the Order Denying Plaintiff's Motion for Contempt, did enter a Judgment in favor of the Plaintiff, against the Defendant, in the sum of FOUR THOUSAND FOUR HUNDRED TEN DOLLARS ($4,410.00), for past due arrearages of alimony from January 1, 1975 up to January, 1976, and has also ordered the Defendant to continue making payments to the Plaintiff, in the sum of FOUR HUNDRED TWENTY DOLLARS ($420.00) per month, commencing February 1, 1976, and continuing each month thereafter until further Order of this Court. The Defendant is still paying to the Plaintiff, in addition to the above-mentioned $420.00 per month, THREE HUNDRED DOLLARS ($300.00) per month on the mortgage which she has on the Defendant's property.
"This Court has taken into consideration all of the equities between the parties and has attempted to do equity by the entry of the Orders herein referred to. "The Plaintiff has also raised the question of whether a written contract, which specifies it is not to be varied except by a written agreement, can it be modified by a subsequent oral contract. The Plaintiff, in his [sic] Memorandum of Law to this Court, has recognized that a written agreement may be altered or modified by an oral agreement if the latter has
(1) been accepted, and
(2) has been acted upon by the parties in such a manner as would work a fraud upon either party to refuse to enforce it. "This Court further finds that the written contract of agreement has been altered and has been modified by the oral agreement between the parties, which has been accepted and has been acted upon by the parties, and it would work a fraud upon the Defendant, in this cause, if this Court refused to enforce the oral agreement.
"In 10(a) Fla.Jur., Dissolution of Marriage, # 313, [sic] the author states:
"`It seems obvious that if the parties are free to make a separation agreement or property settlement, they are likewise at liberty to make a new or *1322 supplemental agreement without judicial intervention. Citing Ash v. Ash, (Fla.App. 1967) 197 193 So.2d 677.'
"Further, in said works, the author states the following:
"`An agreement between former spouses, releasing the former husband from his obligations under an earlier divorce decree which requires him to pay child support, is valid as between the parties. Citing Warrick v. Hender, Fla.App.) [sic] 198 So.2d 348. See also ANNOTATIONS: Validity and Effect, as Between Former Spouses, of Agreement Releasing Father From Further Payment of Child Support Provided For In An Earlier Divorce Decree. 57 A.L.R.2d 139.'
"This Court further finds that even though the parties may have stipulated, in a written contract, that it is not to be varied by the parties unless by an agreement in writing, the general rule is that they may modify it by subsequent oral contract. 7 Fla.Jur. Contracts, § 170; 12 Am.Jur. Contracts, § 428.

"Based upon the foregoing findings of fact and applicable law, this Court, after due consideration, it is:
"ORDERED, ADJUDGED and DECREED that the Plaintiff's request for Judgment for arrearages of alimony, from October, 1971 through and including December, 1974, be and the same is herein denied." [emphases supplied]
* * * * * *
The appellant urges that there was no evidence to support the chancellor's finding of a moratorium in the payments required under the agreement, and that even if there was such an oral agreement it was contrary to the express provisions of the written property settlement agreement and, therefore, not binding.
We find no error. First, there is substantial, competent evidence in the record to support the chancellor's finding that there was an oral modification agreement and, therefore, this finding should not be disturbed. Cole v. Cole, 130 So.2d 126 (Fla. 1st D.C.A. 1961); Wilson v. Wilson, 210 So.2d 732 (Fla. 1st D.C.A. 1968); Patterson v. Patterson, 214 So.2d 381 (Fla. 1st D.C.A. 1968). Secondly, even though the written agreement had a provision that provided it could not be modified except by subsequent written agreement, the parties by their actions could either waive their rights thereunder or orally modify same. Professional Insurance Corporation v. Cahill, 90 So.2d 916 (Fla. 1956); Larnel Builders, Inc. v. Nicholas, 123 So.2d 284 (Fla. 3rd D.C.A. 1960); Doral Country Club, Inc. v. Curcie Brothers, Inc., 174 So.2d 749 (Fla. 3rd D.C.A. 1965).
Therefore, the order under review be and the same is hereby affirmed.
Affirmed.